FORM FOR USE IN APPLICATIONS

FOR HABEAS CORPUS UNDER 28 U.S.C. § 2254

Name: Robert Thomas Conrad

Prison Number: #226791

Place of Confinement: 3700 Holman Unit, Atmore, AL. 36503

RECEIVED 2008 JAN 15 A 9:24
[...] P. HACKETT [...]
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA.

United States District Court Middle District of Alabama

Case No. 1:08CV32 - WKW
(To be supplied by Clerk of U. S. District Court)

Robert Thomas Conrad, PETITIONER
(Full Name)   (Include name under which you were convicted)

Warden Grant Culliver, RESPONDENT
(Name of Warden, Superintendent, Jailor, or authorized person having custody of Petitioner)

and

THE ATTORNEY GENERAL OF THE STATE OF Troy King, ADDITIONAL RESPONDENT.

(if petitioner is attacking a judgement which imposed a sentence to be served in the <u>future</u>, petitioner must fill in the name of the state where the judgment was entered. If petitioner has a sentence to be served in the <u>future</u> under a federal judgment which he wishes to attack, he should file a motion under 28 U.S.C. §2255, in the federal court which entered the judgment.)

PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN
STATE CUSTODY

INSTRUCTIONS--READ CAREFULLY

(1) This petition must be legibly handwritten or typewritten and signed by the petitioner under penalty of perjury. Any false statement of a material fact may serve as the basis for prosecution and conviction for perjury. All questions must be answered concisely in the proper space on the form.

N955

The Judicial Conference of the United States has adopted, effective 1/1/83, the 8½ x 11 inch paper size standard for use throughout the federal judiciary and directed the elimination of the use of legal size paper. All pleadings, etc. filed after 12/31/82 must be on 8½ x 11 inch paper, otherwise we cannot accept them.

(2) Additional pages are not permitted except with respect to the <u>facts</u> which you rely upon to support your grounds for relief. No citation of authorities need be furnished. If briefs or arguments are submitted, they should be submitted in the form of a separate memorandum.

(3) Upon receipt of a fee of $5 your petition will be filed if it is in proper order.

(4) If you do not have the necessary filing fee, you may request permission to proceed <u>in forma pauperis</u>, in which event you must execute the declaration on the last page, setting forth information establishing your inability to prepay the fees and costs or give security therefor. If you wish to proceed <u>in forma pauperis</u>, you must have an authorized officer at the penal institution complete the certificate as to the amount of money and securities on deposit to your credit in any account in the institution.

(5) Only judgments entered by one court may be challenged in a single petition. If you seek to challenge judgments entered by different courts either in the same state or in different states, you must file separate petitions as to each court.

(6) Your attention is directed to the fact that you must include all grounds for relief and all facts supporting such grounds for relief in the petition you file seeking relief from any judgment of conviction.

(7) When the petition if fully completed, <u>the original and two copies * must be mailed to the Clerk of the United States District Court whose address is:</u>

P.O. Box 711
Montgomery, Alabama 36101

(8) Petitions which do not conform to these instructions will be returned with a notation as to the deficiency.

**\*If you are proceeding <u>in forma pauperis</u>, only the original petition needs to be filed with the Court.**

## PETITION

1. Name and location of court which entered the judgment of conviction under attack  Circuit Court of Coffee County, Enterprise, Alabama

2. Date of judgment of conviction  9-27-02

3. Length of sentence  LWOP/L   Sentencing Judge  Gary McAliley

4. Nature of offense or offenses for which you were convicted: Capital Murder (committed during a Robbery or attempt thereof) and Robbery in the first degree

5. What was your plea? (check one)
   (a) Not guilty ( ✓ )
   (b) Guilty ( )
   (c) Nolo contendere ( )
   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details: _____
   N/A

6. Kind of trial: (Check one)
   (a) Jury ( ✓ )
   (b) Judge only ( )

7. Did you testify at the trial? Yes ( ) No ( ✓ )

8. Did you appeal from the judgment of conviction? Yes ( ✓ ) No ( )

9. If you did appeal, answer the following:
   (a) Name of court Criminal Court of Appeals
   (b) Result Denied
   (c) Date of result October 24, 2003
   If you filed a second appeal or filed a petition for certeorari in the Supreme Court, give details: Yes, and the writ was denied.

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal? Yes ( ✓ ) No ( )

11. If your answer to 10 was "yes", give the following information:
    (a) (1) Name of court Circuit Court of Coffee County, Alabama
        (2) Nature of proceeding Rule 32
        (3) Grounds raised Ineffective Assistance of Counsel; Trial Ineffective of Assistance of Appeal Counsel; Court was without Jurisdiction, Newly Discovered evidence.

        (4) Did you receive an evidentiary hearing on your petition, application or motion? Yes ( ✓ ) No ( )
        (5) Result Denied
        (6) Date of result March 17, 2006

(b) As to any second petition, application or motion give the same information:
   (1) Name of court _____
   (2) Nature of proceeding _____
   (3) Grounds raised _____ N/A
   (4) Did you receive an evidentiary hearing on your petition, application or motion?  Yes ( )   No (✓)
   (5) Result _____
   (6) Date of result _____
(c) As to any third petition, application or motion, give the same information:
   (1) Name of Court _____
   (2) Nature of proceeding _____
   (3) Grounds raised _____ N/A
   (4) Did you receive an evidentiary hearing on your petition, application or motion?  Yes ( )   No (✓)
   (5) Result _____
   (6) Date of result _____
(d) Did you appeal to the highest state court having jurisdiction the result of any action taken on any petition, application or motion:
   (1) First petition, etc.      Yes (✓)   No ( )
   (2) Second petition, etc.     Yes ( )   No (✓)
   (3) Third petition, etc.      Yes ( )   No (✓)
(e) If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not: _____

N/A

12. State <u>concisely</u> every ground on which you claim that you are being held unlawfully. Summarize <u>briefly</u> the <u>facts</u> supporting each ground.

> CAUTION: In order to proceed in the federal court, you must ordinarily first exhaust your state court remedies as to each ground on which you request action by the federal court. As to all grounds on which you have previously exhausted state court remedies, you should set them forth in this petition if you wish to seek federal relief. If you fail to set forth all such grounds in this petition, you may be barred from presenting them at a later date.

For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed if you have exhausted all your state court remedies with respect to them. However, <u>you should raise in this petition all available grounds</u> (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

If you select one or more of these grounds for relief, you must allege facts in support of the ground or grounds which you choose. Do not check any of the grounds listed below. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

> (a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.
> (b) Conviction obtained by use of coerced confession.
> (c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure, [where the state has not provided a full and fair hearing on the merits of the Fourth Amendment claim].
> (d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest, [where the state has not provided a full and fair hearing on the merits of the Fourth Amendment claim].
> (e) Conviction obtained by a violation of the privilege against self-incrimination.
> (f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
> (g) Conviction obtained by a violation of the protection against double jeopardy.
> (h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
> (i) Denial of effective assistance of counsel.
> (j) Denial of right of appeal.

A. Ground one: See Attachment

Supporting FACTS (tell your story briefly without citing cases or law):

See Attachment

B. Ground two: See Attachment

Supporting FACTS (tell your story briefly without citing cases or law):

See Attachment

C. Ground three: See Attachment

Supporting FACTS (tell your story briefly without citing cases or law):

See Attachment

D. Ground four: **See Attachment**

Supporting FACTS (tell your story briefly without citing cases or law):

**See Attachment**

13. If any of the grounds listed in 12A, B, C, and D were not previously presented in any other court, state or federal state briefly what grounds were not so presented, and give your reasons for not presenting them:

**N/A**

14. Do you have any petition or appeal now pending in any court, wither state or federal, as to the judgment under attack?  Yes ( )  No (✓)

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:
   (a) At preliminary hearing AL. Smith - P.O. Box 389 - Enterprise Alabama, 36331 - Gary Bradshaw P.O. Box 311412 - Enterprise, Alabama 36331
   (b) At arraignment and plea AL. Smith - P.O. Box 389 - Enterprise AL 36331 - Gary Bradshaw P.O. Box 311412 - Enterprise AL, 36331
   (c) At trial AL. Smith - P.O. Box 389 - Enterprise Alabama, 36331 - Gary Bradshaw P.O. Box 311412 - Enterprise AL, 36331
   (d) At sentencing AL. Smith - P.O. Box 389 - Enterprise AL, 36331 - Gary Bradshaw P.O. Box 311412 - Enterprise, AL, 36331
   (e) On appeal Gary Bradshaw P.O. Box 311412 - Enterprise, AL, 36331 Richard Waldrop P.O. Box 310027 - Enterprise, AL. 36331

(f) In any post-conviction proceeding __Pro-Se__

(g) On appeal from any adverse ruling in a post-conviction proceeding: __Pro-Se__

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
Yes (✓)   No ( )

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ( )   No (✓)

(a) If so, give name and location of court which imposed sentence to be served in the future: __N/A__

(b) And give date and length of sentence to be served in the future: __N/A__

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ( )   No (✓)

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.  Executed on __1-10-08__.
                                               (date)

__Robert T. Conrad__
Signature of Petitioner

Robert Thomas Conrad
AIS # 226791 - E1-12A
Holman Unit 3700
Atmore, Al.
36503-3700

This correspondence is forwarded from an Alabama State Prison. The contents have not been evaluated and the Alabama Department of Corrections is not responsible for the substance or content of the enclosed communication.

Legal Mail

Office of the C
United States Distri
Middle District
15 Lee Str
P.O. Box 7
Montgomery, A

31

Attachment to Petition for
<u>Habeas Corpus Relief</u>    1:08cv32-WKW

<u>Ground One</u>: Petitioner was denied Due Process and a fundamental fair trial, when he was tried, convicted and sentenced by a partial trial judge.

<u>Supporting Facts</u>:

Petitioner avers that prior to his trial, the trial judge made pretrial remarks that all defendants who come before him in court would receive active prison time, if they are found guilty or plead guilty to a violent crime.

Petitioner avers that the pretrial conduct showed appearance of impartiality, impropriety and personal bias, warranting the Judge's voluntary recusal. This partiality was displayed in the trial court's conduct throughout the guilty and sentencing phase of Petitioner's fundamental rights to a fair trial.


<u>Ground Two</u>: Petitioner was denied Due Process and a fundamental fair trial when the State fail to disclose exculpatory and impeachment evidence favorable to the Petitioner.

<u>Supporting Facts</u>:

Petitioner avers that prior to trial, he specifically requested Discovery of Exculpatory and Impeachment evidence in the possession of the State necessary to a fair trial and favorable to the Petitioner.

During the course of the trial and on cross examination of a State's witness, it was learned that an Internal Affairs investigation had been conducted regarding misconduct of one of it's investigators into this crime.

(R. 907-910)

The trial court upon reviewing the with-held materials, found them to contain both exculpatory and impeachment evidence that should have been turned over to the defense. (R. 956, 966-1000)

Petitioner contends that the prosecution's misconduct exhibited in this case was prejudicial to Petitioner's substantive Constitutional Rights to a fair trial.

<u>Ground Three:</u> Denial of Effective Assistance of Counsel for faliure to object to the oath not being administered to the venire.

<u>Supporting Facts:</u>

The record in this case does not disclose that the required oath was administered to the venire prior to voir dire examination by the court and counsel's.

Petitioner avers that he was entitled to have the prospective jurors sworn to truthfully answer the questions propounded to them as required by law.

Counsel error in this regards was prejudicial to the fundamental Constitutional Rights of the Petitioner.

<u>Ground Four:</u> Denial of Effective Assistance of Counsel for failure to move to dismiss Indictment.

<u>Supporting Facts:</u>

Petitioner avers that his Indictment for capital murder tracks only part of the elements of §13A-5-40 (a) (2) Code of Ala. 1975, but is devoid of the material elements of thecomplete capital murder statute.

§13A-5-40 (a) (2) and §13A-5-50 are enumerated as elements of capital murder during the guilt phase and as a aggravating circumstance during the penalty phase.

Petitioner was entitled to notice of the nature and cause of the accusation to inable him to prepare his defense.

Counsel error in this regards was prejudicial to the substantive Constitutional Rights of the Petitioner.

<u>Ground Five:</u> Denial of Effective Assistance of Counsel for failure to challenge the Indictment based on it being obtained pursuant to the Alabama Constitution of 1901 which was unconstitutionally established.

<u>Supporting Facts:</u>

Petitioner avers that his Indictments upon which he stands convicted were secured through the indictment clause of the Alabama Constitution of 1901 which was enacted to establish white supremacy in the State of Alabama and to disfranchise African Americans. See <u>Hunter V. Underwood,</u> 471 US. 22 (1985)

Petitioner contends because the Alabama Constitution violates the United States Constitution, his Indictments pursuant

to the Alabama Constitution are void and cannot be a legal cause of impeachment.

Counsel error in this regard was prejudicial to the substantive rights of the Petitioner.

Ground Six: Denial of Effective Assistance of Counsel for failure to object to the erroneous jury instruction on uncorroborated testimony of the codefendant.

Supporting Facts:

During the trial court's oral instruction to the jury, the court in instructing the jury as to the law on how to consider the testimony of the codefendant, stated:

> " you should keep in mind that such testimony is always to be received with caution, and weighted with great care, you should never convict any defendant upon the unsupported testimony of such witness, unless you believe their testimony could be truthful beyond a reasonable doubt..."

(T.R. 1448)

Petitioner contends that the above quoted instruction was erroneous and contrary to §12-21-222 Code of Ala. 1975.

The instruction allows the jury to infer that a conviction could be obtained based on the uncorroborated testimony of a codefendant.

Counsel error in failing to object to the erroneous instructions was prejudicial to the Petitioner's substantive constitutional rights.

Ground Seven: Denial of Effective Assistance of Counsel for failure to request continuance and/or mistrial based on the prosecution with-holding exculpatory and impeachment evidence.

Supporting Facts:

During trial it was discovered that the prosecutor had with-held a report regarding an Internal investigation by the Enterprise Police Department. The report contained exculpatory and impeachment evidence.

Counsel failure to request a continuance so that he could review the report to present the exculpatory and impeachment

evidence to the jury, nor did counsel move for mistrial based on the prosecutor's misconduct in with holding the evidence.

Counsel error was prejudicial to Petitioner's substantive fundamental rights.

Ground Eight: Denial of Effective Assistance of Counsel for failure to seek recusal of the trial judge based on bias and impartiality.

Supporting Facts:

Conrad avers that he was prejudiced from the outset of his trial by judge McAliley pre-trial statements that " Criminal Defendants who enter a guilty plea or who are convicted of any act of violence, some active time in custody will be ordered served". Further during trial Judge McAliley questioned witness for the prosecution and made comments that demonstrated the appearance of impartiality. Specifically, the records show that several times the Judge questioned witness. (R. 1140, 1143, 1144, 1155, 1161, 1212, 1213, 1225) and referred to defense counsel to Tom, Dick and Harry. (R. 876-77, 942, 945). The court Further shopwed appearances of impartiality during the course of the trial, where the court demonstrated favorable treatment to the prosecution. Conrad avers that at one point counsel did object to the court improper questioning of witness. (R. 1225). Conrad contends that counsel error and omissions deprived him of his constitutional rights to a fair trial.

Ground Nine: Denial of Effective Assistance of Counsel based on counsel conflict of Interest.

Supporting Facts:

Prior to trial defense counsel Gary D. Bradshaw, filed a motion to withdraw as appointed counsel for the appellant avering as grounds therefore:

    1. **The victim, Jelaine Dennis, was a member of the same church;**

    2. **The victims three children, April, monica and Damen, were all members of the Sunday School class in which counsel was youth director and teacher. (C.R. 20)**

The record does not reflect whether or not court ruled on said motion, but record does show that Petitioner proceed

to trial and on Direct Appeal with Attorney Gary D. Bradshaw without objection.

Conrad avers that he has a constitutional right to be represented by a free counsel.

In the instant case, counsel made a known to the court that he had a personal relationship with the victim and the victim children under such circumstances, counsel could not represent the appellant to the best of his abilities which adversly affected counsel's performance during trial to the prejudice of the appellant, as counsel had to choose between respect and loyalty to the victims family and diligently representing his client.

Conrad avers that counsel's failure to his continuing participation in light of the circumstances was prejudicial to the substantial rights of the appellant to the best of his abilities in light of his relationship with the victim and the victims children.

GROUND TEN: CONRAD WAS DENIED HIS SIXTH AMENDMENT GUARANTEE, TO EFFECTIVE ASSISTANCE OF COUNSEL, WHEN COUNSEL FAIL TO ADVISE HIM OF HIS RIGHT TO TAKE THE STAND AND TESTIFY IN HIS OWN DEFENSE

SUPPORTING FACTS:

The right to testify is derived from Amend V and VI of The United States Constitution, and grants to the accused personally the right to make his defense. ROCK V. ARKANSAS, 483 U.S. 44 (1987).

Counsel violated, when counsel fail to inform Conrad of his right to testify, and that final decision to testify belonged to him alone.

Conrad avers had he been informed of his right, he would have taken the stand and testified in his own defense, which would have allowed the jury to hear, testimony as to his whereabouts at the time of the crime, and that the "Bullet" evidence that was taken from his body was caused by another individual during a Robbery of Conrad, and not the victim.

Conrad Sixth Amendment guarantee to effective assistance of counsel was violated and he is do to Habeas Relief on this claim.


GROUND ELEVEN: CONRAD WAS DENIED HIS SIXTH AMENDMENT GUARANTEE, TO EFFECTIVE ASSISTANCE OF COUNSEL, WHEN COUNSEL WAS FORCED TO BECOME A WITNESS IN THE CASE AGAINST HIM.

SUPPORTING FACTS:

§12-21-161 Code of Alabama 1975, Provides: No Attorney of his clerk shall be competent or compelled to testify in any court in this state against the client as to any matter or thing, knowledge, of which may have been acquired from the client.....

Conrad avers, during his trial, the trial court forced defense counsel, Al Smith, to become a witness in the case. (cr.1258-64), Specifically counsel was forced to reveal the identity of the source that gave him information regarding the District Attorney withholding of Exculpatory and Impeachment Evidence.

An actual conflict exist when defense counsel is compelled to compromise his or her duty of loyalty or zealous advocacy to the accused by choosing between of blending the divergent or competing interest of a former or current client.
See CUYLER V. SULLIVAN, 466 U.S. 335 (1980).

Conrad Sixth Amendment guarantee to Effective Assistance of counsel was violated, and he is do to Habeas relief on this claim.

GROUND TWELVE: CONRAD WAS DENIED HIS SIXTH AMENDMENT GUARANTEE TO EFFECTIVE ASSISTANCE OF COUNSEL, WHEN COUNSEL FAIL TO MOVE TO DISMISS THE INDICTMENT, IT VIOLATES THE SEPERATION OF POWERS DOCTRINE OF THE UNITED STATES AND ALABAMA CONSTITUTION.

SUPPORTING FACTS:

Conrad avers his 5th, 6th and 14th Amendment right of The United States Constitution were violated, when counsel failed to know the applicable point of law to file a motion to dismiss his indictment on the grounds it violated the doctrine of separation of powers.

The Law under attack is The Alabama Death Penalty Act. The principle contention being pressed by Conrad is, that the statute is Unconstitutional rendering his indictment returned upon said statute void, because it was drafted by a committee called three branches of government while elected, in violation of the principle of separation of powers expressed in ArtIII, section 42 and 43, Art I, II and III of The United States Constitution.

Conrad Sixth Amendment guarantee to effective assistance of counsel was violated, and he is do to Habeas relief on this claim.

<u>GROUND THIRTEEN</u>: CONRAD WAS DENIED HIS SIXTH AMENDMENT GUARANTEE TO EFFECTIVE, DIRECT APPEAL COUNSEL, WHEN APPELLANT COUNSEL FAIL TO RAISE ON DIRECT APPEAL, CONRADS OBJECTION TO THE ADMISSION OF THE BULLET TAKEN FROM CONRADS BODY.

<u>SUPPORTING FACTS</u>:

Conrad avers during trial, counsel challenged the admissibility of the "Bullet" evidence taken from Conrads body while he was in the hospital. Specifically Conrad argues the bullet was the product of an illegal search and seizure, because it was seized from his body pursuant to a subpoena issued by The District Attorney.

Conrad avers had counsel raised this issue on Direct Appeal, there's a reasonable probability the results of Conrads direct appeal would have been different. <u>STRICKLAND SUPRA</u>.

Conrad Sixth Amendment guarantee to effective assistance of counsel was violated, and he is do to Habeas relief on this claim.


<u>GROUND FOURTEEN</u>: CONRAD WAS DENIED HIS SIXTH AMENDMENT GUARANTEE TO EFFECTIVE, DIRECT APPEAL COUNSEL, WHEN APPELLANT COUNSEL FAIL TO RAISE ON DIRECT APPEAL, TRIAL COUNSEL CONFLICT OF INTEREST.

<u>SUPPORTING FACTS</u>:

Conrad avers prior to trial, Conrads Attorney Gary Bradshaw filed a motion to withdraw, citing grounds that he had a close relationship with the victims family.

Conrad avers that his right was violated by Appellant counsel failure to raise this claim in the face of clear evidence that counsel labored under a conflict of interest, had counsel raised this issue, there's a reasonable probability the results of Conrads appeal would have been different. <u>STRICKLAND SUPRA</u>.

Conrad Sixth Amendment guarantee to effective assistance of counsel was violated, and he is do to Habeas relief on this claim.

GROUND FIFTEEN: CONRAD WAS DENIED HIS FOURTEENTH AMENDMENT GUARANTEE, TO DUE PROCESS AND FAIR TRIAL, WHEN HE WAS INDICTED UNDER A STATUTE THAT VIOLATES THE SEPARATION OF POWER DOCTRINE OF THE FEDERAL AND STATE CONSTITUTION.

SUPPORTING FACTS:

Conrad argues that his indictment is void because it violated the Constitutional doctrine of "Separation of Powers" Conrad argues that §13A-5-40 Code of Alabama, was enacted by The Alabama Law Institute which was compassed if individuals from each of three (3) branches of government, It's abduction by the state of Alabama to the Supreme Court Justice of Alabama, The Attorney General, Legal Advisors, to the Governor, State Representatives, State Senators and Federal Justice all joined together, not in advisory capacity, but as creators of what has become the present Death Penalty Statute. There's no provisions in Alabama which allows members of Executive branch to act with the Judical branch as advisors to the state legislature because this is a violation of the State and Federal Constitution provisions that created Alabama Death Penalty Statute as a result of their consorted effect of the legislature, executive and judical branches of government.

Conrad was denied his Fourteenth Amendment guarantee to due process and fair trial guarantee, and he is do to Habeas relief on this claim.

GROUND SIXTEEN: CONRAD WAS DENIED HIS FOURTEENTH AMENDMENT GUARANTEE, TO DUE PROCESS AND FAIR TRIAL, WHEN HE WAS CONVICTED ON THE FALSE AND MISLEADING EVIDENCE THAT WAS INADMISSIBLE.

SUPPORTING FACTS:

Conrad avers that The Alabama Department of Forensic Science has falsely mislead courts jurors and the public to believe that the method and principles used in examining and analyzing forensic and physical evidence is performed under reliable techniques. The Alabama Department of Forensic Science has recently openly admitted that its laboratories was deficient at the time of Conrads trial. Several employees of The Alabama department of Forensic Science testified as to certain findings performed in its laboratories regarding blood and ballistic evidence, and such was crucial and material to the state's case against Conrad. However, due to the department not being accredited at the time of testing, such evidence was inadmissible under the DAUBERT standard. See DAUBERT V. MERRILL DOW PHARMACEUTICAL INC, 509 U.S. 579 (1993).

Conrad argues the false, and misleading evidence of The Department and The Prosecution, coupled with the lack of Accreditation, deprived him the opportunity to challenge the admissibility of the evidence under Ala.Code 1975 §36-18-30, The United States Supreme Court decision in Daubert Supra.

Conrad was denied his Fourteenth Amendment guarantees to due process and fair trial, and he is do to Habeas relief on this claim.

CONCLUSION

Conrad Prays This Honorable Court Grants Habeas Petition and set a Evidentiary Hearing on the merits of these claims, and any and all other relief that is required by Law.

Respectfully Submitted

Robert T Conrad
AIS# 226791  E1-12A
Holman Unit 3700
Atmore, Al 35603