IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ROBERT THOMAS CONRAD, # 226791, | ) ) ) |
| Petitioner, | ) ) |
| v | ) ) Civil Action No. 1:08cv32-WKW |
| GRANT CULLIVER, WARDEN, *et al.*, | ) ) ) |
| Respondents | |

**O R D E R**

On April 2, 2008 (Doc. No. 14), in accordance with the provisions of Rule 5, *Rules Governing Section 2254 Cases in the United States District Courts*, the respondents filed an answer and supporting evidentiary materials in which they contend that the present habeas corpus petition is due to be denied because the claims presented by the petitioner provide no basis for relief.

Specifically, the respondents argue that the petitioner's claim that he was unfairly tried and sentenced by a biased trial judge (Ground One) is procedurally defaulted as the last state court entering judgment found that the claim was barred from appellate review because the petitioner neither raised it at trial nor requested that the trial judge recuse himself. *See Atkins v. Singletary*, 965 F.2d 952, 955 (11th Cir. 1992) (citations omitted) ("Federal review of a petitioner's claim is barred by the procedural-default doctrine if the last state court to review the claim states clearly and expressly that its judgment rests on a procedural bar, and that bar provides an adequate and independent state ground for denying relief.").

Likewise, the respondents argue that the petitioner's claim that the prosecution failed to disclose exculpatory and impeachment evidence favorable to him (Ground Two) is procedurally defaulted because the last state court entering judgment found that the claim was procedurally barred from review as it was not raised in a timely fashion in the trial court. The respondents also argue that such claim entitles the petitioner to no relief in this court because it was, alternatively, properly adjudicated on the merits by the state courts and thus does not entitle the petitioner to federal habeas corpus relief. *See Williams v. Taylor*, 529 U.S. 362, 404-05 (2000).

The respondents further argue that the petitioner's Grounds Three through Twelve, that his trial counsel rendered ineffective assistance, are procedurally defaulted because the last state court entering judgment denied the claims on the basis of the petitioner's failure to substantially comply with a state procedural rule in stating the claims in state court.

The respondents argue that the ineffective assistance of counsel claims set forth in the petitioner's Grounds Thirteen and Fourteen are procedurally defaulted because the last state court entering judgment found that they were procedurally barred from appellate review.

The respondents argue that the petitioner's claim that the indictment is void because it violates the separation of powers doctrine (Ground Fifteen) was properly adjudicated on the merits by the state courts and thus does not entitle the petitioner to federal habeas relief.

The respondents argue that the petitioner's claim that he was convicted based on inadmissible evidence provided by the Alabama Department of Forensic Sciences (Ground

Sixteen) is procedurally defaulted because the last state court entering judgment found that the claim was procedurally barred from appellate review.

A procedural default bars consideration of the merits of a claim unless the petitioner can establish "cause" for the failure to follow the state's procedural rules and show "prejudice" resulting from this failure. *See Wainwright v. Sykes*, 433 U.S. 72 (1977). However, even if the petitioner fails to show cause and prejudice, a procedural default will not preclude a federal court from considering a habeas petitioner's federal constitutional claim where the petitioner is able to show that the court's failure to address his claim would result in a "fundamental miscarriage of justice." *Schlup v. Delo*, 513 U.S. 298, 320 (1995); *Murray v. Carrier*, 477 U.S. 478 (1986). The miscarriage of justice exception allows federal courts to address procedurally defaulted claims if the petitioner shows that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Carrier*, 477 U.S. at 496.

Further, 28 U.S.C. § 2254(d)(1) places new constraints on the power of a federal court to grant a state prisoner's application for habeas corpus relief with respect to those claims adjudicated on the merits in state court. The statute allows this court to grant a writ of habeas corpus only "if the relevant state-court decision was either (1) '*contrary to* ... clearly established Federal law, as determined by the Supreme Court of the United States,' or (2) '*involved an unreasonable application of* ... clearly established Federal law, as determined by the Supreme Court of the United States.' (Emphases added.)" *Williams v. Taylor*, 529

U.S. at 404-05. "Under § 2254(d)(1) and the *Williams* decision, [a federal court] can grant relief only if the state court decision denying relief is 'contrary to' clearly established federal law or is an 'unreasonable application' of federal law." *Brown v. Head*, 272 F.3d 1308, 1313 (11th Cir. 2001). In the vast majority of cases, a federal district court will be faced with the contention that the state court unreasonably applied federal law.

> In determining whether the state court's decision is an unreasonable application of the law set out in [applicable] Supreme Court decisions, we need not decide whether we would have reached the same result as the state court if we had been deciding the issue in the first instance. Instead, we decide only whether the state court's decision of the issue is objectively unreasonably. *See Williams v. Taylor*, 529 U.S. 362, 411, 120 S.Ct. 1495, 1522, 146 L.Ed.2d 389 (2000) ("Under §2254(d)(1)'s 'unreasonable application' clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable."); *Brown v. Head*, 272 F.3d 1308, [1313] (11th Cir. 2001) ("It is the objective reasonableness, not the correctness *per se*, of the state court decision that we are to decide.").

*Wright v. Secretary for the Dept. of Corrections*, 278 F.3d 1245, 1256 (11th Cir. 2002). Additionally, the statute makes it clear that a federal court cannot grant relief with respect to claims adjudicated on the merits by the state courts "unless the adjudication of the claim ... resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2).

Accordingly, it is

ORDERED that on or before April 24, 2008, the petitioner may file a response to the answer filed by the respondents. Any pleadings, documents or evidence filed after this date

will not be considered by the court except in exceptional circumstances. At any time after April 24, 2008, the court shall "determine whether an evidentiary hearing is required. If it appears that an evidentiary hearing is not required, the [court] shall make such disposition of the petition as justice shall require." Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts*.

The petitioner is instructed that when responding to the respondents' answer he may file sworn affidavits or other documents in support of his claims. Affidavits should set forth specific facts which demonstrate that the petitioner is entitled to relief on those grounds presented in the habeas corpus petition. If documents which have not previously been filed with the court are referred to in the affidavits, sworn or certified copies of those papers must be attached to the affidavits or served with them. When the petitioner attacks the respondents' answer by use of affidavits or other documents, the court will, at the appropriate time, consider whether to expand the record to include such materials. *See* Rule 7, *Rules Governing Section 2254 Cases in the United States District Courts*.

Done this 3rd day of April, 2008.

      /s/Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE