In The United States District Court

For The Middle District Of Alabama Southern Division

RECEIVED
2008 MAY 15 A 9: 11
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

Robert Thomas Conrad  \*
Petitioner,  \*

vs.  \*  Civil Action No.
\*  1:08 CV 32-WKW
Grantt Culliver, Warden  \*
et al. Respondent,  \*

Petitioner's Traverse To Respondent

Response To Federal Habeas Petition

Come now the petitioner, Robert Thomas Conrad, pro se, in the above style cause and hereby submits his Traverse in opposition to the respondents response to his Federal Habeas petition as follows:

I. Procedural History:

1. Petitioner was indicted by a Coffee County Grand Jury on May 31, 2001, and charged with Capital Murder and Robbery in the First Degree.

2. Trial commenced on September 27, 2002, with petitioner being represented by appointed counsels, Albert Smith and Gary Bradshaw.

Petitioner was subsequantly found guilty of the charges and sentenced to Life Without Parole on the Capital Murder charge and Life on the First Degree Robbery charge.

3. On October 24, 2003, the Alabama Court of Criminal Appeals issued a memorandum opinion affirming petitioner's conviction and sentence, on Direct Appeal. A Certificate of Judgment was issued on January 16, 2004.

4. On January 7, 2005, petitioner filed a petition for Post- Conviction Relief pursuant to Rule 32 A.R.Crim.P., in the Coffee County Circuit Court collaterally challenging his convictions and sentences. In the petition and the amendment thereto, petitioner essentially raised four grounds for relief. Denial of effective assistance of counsel at trial; DEnial of effective assistance of counsel on appeal; The Trial Court was without jurisdiction to render judgment or to impose sentence and Newly Discovered evidence exist requiring a new trial.

5. On December 2, 2006, the Circuit Court conducted an Evidentiary Hearing on the claims raised in petitioner's petition and on March 17, 2006, the court issued an order denying the petition.

6. On August 24, 2007, the Alabama Court Of Criminal Appeal affirmed the Circuit Court's judgment in a memorandum opinion. On November 14, 2007, the Supreme Court of Alabama denied petitioner's petition for Writ of Certiorari, and entered a Certificate of Judgment.

7. On January 10, 2008, petitioner filed the instant petition for Federal Habeas Corpus Relief, raising essentially the same grounds presented in State Court on Direct Appeal and in his Rule 32 petition, specifically, petitioner in his Federal

Habeas petition raised the following grounds for relief:

    1. that he was denied due process and a fundamentallyfair trial when he was "tried,convicted and sentence by a partial trial judge" who made pretrial remarks that "all defendants who come before him in court receive active prison time, if they are found guilty or plead guilty to a violent crime".

    2. that he was denied a fair trial when the prosecutor failed to disclose "exculpatory and imppeachment evidence" that "an Internal Affairs investigation had been conducted regarding misconduct of one of it's investigators into this crime".

    3. and he received ineffective assistance of counsel when counsel failed to object to the oath not being administered to the venire;

    4. that he was denied effective assistance of counsel when counsel failed to move to dismiss the indictment when it tracked only part of the elements of §13A-5-50(a)(2) Code of Ala. 1975 (sic) but is devoid of the material elements of the complete Capital Murder statue,

    5. that he was denied effective assistance of counsel when counsel failed to challenge the indictment because his indictment was secured through the indictment

clause of the Alabama Constitution of 1901 which was enacted to establish White Supremacy in the State of Alabama and to disfranchise (sic) African Americans,

6. that he was denied effective assistance of counsel when counsel failed to object to the "erroneous jury instruction on uncorroborated testimony of the co-defendant" contrary to §12-21-222 of the Code of Alabama (1975);

7. that he was denied effective assistance of counsel when counsel failed to request a continuance and /or mistrial based on the prosecution withholding exculpatory and impeachment evidence,

8. that he was denied effective assistance of counsel when counsel failed to seek recusal of the trial judge based on bias and impartiality,

9. that he was denied effective assistance of counsel based on counsel's alleged conflict of interest due to counsel's being a member of the victim's church and that the victim's three children were all members of the Sunday School class in which counsel was youth director and teacher,

10. That he was denied effective assistance of counsel when counsel failed to advise him of his right to take the stand and testify in his own defense;

11. That he was denied effective assistance of counsel when counsel was forced to become a witness in the case against petitioner, based counsel being forced to reveal the identity of the source that gave information regarding the district attorney's withholding of exculptory and impeachment evidece during trial;

12. That he was denied effective assistance of counsel when counsel failed to move to dismiss the indictment on the grounds that the Alabama Death Penalty Statute is unconstitutional, because individuals from the three branches of the government participated in writing the statute;

13. That he was denied effective assistance of counsel when counsel failed to raise on direct appeal the issue that the bullet removed from petitioner's body while hospitalized, was the product of an illegal search and seizure, because it was seized pursuant to a subpoena issued by the district attorney;

14. That he received ineffective assistance of counsel when his counsel, Gary Bradshaw, filed a motion to withdraw, citing grounds that he had a close relationship with the victim's family;

15. That he was denied Due Process and a Fair Trial when he was indicted under a Statute that violates the seperation of powers doctrine; and

16. That he was denied Due Process and a Fair Trial, based on Newly Discovered Evidence that the Forensic evidence admitted at his Trial was inadmissible.

8. Respondents admits that Conrad's habeas Petition is within the one year Statute of limitation, and that all of Petitioner's Habeas claims have been exhausted. (Respondents Response pg. 14-15)

II. Discussion and Traverse.

9. Respondents in their Response to Petitioner's Habeas Claims, alleges that claims 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14 and 16 are procedurally defaulted, and that claim 15 is without merits. (See Respondents Response pg. 15-28).

10. Conrad avers, as discussed infra, Conrad's habeas claims are properly before this Court for review, and that the State Courts adjudication of the merits of his claims contravenes 28 U.S.C.§ 2254 (d), Therefore, this Court is not restrained from granting habeas relief and/or a Federal Evidentiary Hearing on Conrad's claims.

11. For convenience, petitioner will discuss the claims in the manner Respondents address them in their response of April 2, 2008.

Ground One-Biased Trial Judge.

12. Respondents asserts that Conrad claim that he was tried by a partial and Biased trial judge is procedurally defaulted. Specifically, Respondents relies on the Alabama Court of Criminal Appeals opinion that Conrad failed to object and/or move for recusal of the Judge.

Petitioner agrees that this claim was not properly preserved at the trial level by trial counsel, however, the action of the trial court judicated personal bias against the Petitioner based on him being charged with a violent offense, such action required that the trial judge sua sponte recuse himself under the canons of judicial ethics, and his refusal to do so was plain error. U.S. V. Murchison, 349 U.S. 133 (1955)

Further, because the evidence of record clearly shows that Petitioner's due process rights were the sentence imposed by the judge is illegal, and such can be challenged in the absent of an objection. See Bartone V. United States, 375 U.S. 52 (1963)

Moreover, assuming Arguendo, there's merits to respondents procedural default assertion, Petitioner contends that he can establish cause and prejudice for the default. See Murray V. Carrier, 477 U.S. 478 (1986). In that his trial counsel error in failing to object and/or request recusal, was deficient performance that prejudiced the Petitioner within the meaning of the Supreme Court decision in Strickland V. Washington, 466 U.S. 668 (1984).

Petitioner adopts his arguments with respect to claim 8 infra, in connection with his cause and prejudice for the allege default.

Ground Two-Failure Disclose Exculpatory Evidence.

13. Respondents asserts that Petitioner's claim that the State withheld exculpatory material in violation

of Brady V. Maryland, 373 U.S. 83 (1963), is procedurally barred and without merits. (See respondents response pg. 17-19)

Petitioner contends with respect to respondents procedural default assertion, Petitioner argues that he can show cause and prejudice for any default[1]. In that his trial counsel error in failing to properly raise and preserve the claim was deficient performance that prejudice his defense. Murray V. Carrier, Supra.

Petitioner adopts his arguments with respect to claim 7 Infra, in connection with his cause and prejudice.

With respect to respondents assertion that the claim is without merits.

Petitioner argues that it is undisputed that the prosecutor with-held the material and that the material contained exculpatory and impeachment evidence.

This court is required to give the State Court factual finding a presumption of correctness. See 28 U.S.C.S. §2254(e)(1)

In the state court proceeding the trial court found that the material contained exculpatory and impeachment evidence. (Exhibit A, Trial Record, R. 969, 999-1000)

Under Brady V. Maryland, 373 U.S. 83 (1963) and Giglio V. United States, 405 U.S. 150 (1972),

---

1. Contrary to the respondents assertion that this claim was not preserved, the record clearly shows that this issue was preserved and rule upon.

to establish a violation, Petitioner must show: **1) the prosecution did not disclose evidence; 2) the evidence was favorable to his defense [because it was either exculpatory or impeaching]; and 3) the evidence was material, i.e., there is a reasonable probability that if the government had disclosed it, the results of the proceeding would have been different. Id.**

Petitioner avers that the court after finding that the state had violated Petitioner's Due Process Rights, the court ordered the material copied and given to defense counsel, and subpoenaed a witness, George Roberson, rather than granting the relief sought by the Petitioner.

Petitioner avers that he was prejudiced by not being able to investigate and prepare evidence to rebut co-defendant's Brian Yeoman, testimony, Petitioner was unable to leave the courtroom to interview, Steve Brown and mysterious Alex that subpoenaed witness Roberson talked about, Petitioner was allowed less than one hour to interview Roberson. This Eleventh Hour disclosure of this crucial Brady material deprived the Petitioner of his fundamental rights to a fair trial.

Conrad is entitled to habeas relief and/or an evidentiary on this claim as the adjudication of the merits by the state courts contravenes 28 U.S.C. §2254 (d) and Brady V. Maryland.

14. In grounds 3, 4, 5, 6, 7, 8, 9, 10, 11, and 12, as set out above, Conrad asserts that he was denied his Sixth Amendment Rights to Effective Assistance of Counsel, where counsel's specific errors and omissions were deficient performances that prejudiced Petitioner's defense within the meaning of the United States Supreme Court holding in Strickland V. Washington, 466 U.S. 668 (1984)

(See Exhibits I, J, M and O, inwhich Conrad adopts.)

Respondents asserts that Conrad's claims are procedurally barred from this courts review. Specifically, respondent avers that the Alabama Court of Criminal Appeals found that Conrad had failed to meet the requirements of Rule 32.3 and 32.6 (b) Ala.R.Crim.P.

The U.S. Supreme Court, has stated that a state procedural rule that precludes consideration of the merits of a claim is due to be honored only if it is both independent and adequate. Coleman V. Thompson, 501 U.S. at 729-30 (1991).

The Eleventh Circuit has stated in order for the state's reliance on a procedural rule to be an adequate and independent state ground, Petitioner must first, have violated an applicable state procedural rule. Hansbrough V. Latta, 11 F.3d 143, 145-46 (11th Cir. 1994)

In this case, the evidence of record completely contradicts the state court findings, as a review of the claims presented and argued throughout, the state courts clearly shows that Petitioner was about as specific as one can get with respect to his Sixth Amendment claims. (Exhibits I, J, M and O, Supra.)

Petitioner avers that, most tellingly, is the fact that the District Attorney was able to respond to the specific claims and the trial court conducted an evidentiary hearing in state court on the claims.

Accordingly, because the record shows that Petitioner has not violated an applicable state procedural rule,

the procedural bar relied upon by the respondent cannot be considered adequate. See Upshaw V. Singletary, 70 F.3d 576, 579 (11th Cir. 1995)

Because the decision of the state court was an unreasonable determination of the facts presented and was both contrary to and involved an unreasonable application of Strickland, this court is not restrained from granting habeas relief and/or and evidentiary hearing on Conrad's Sixth Amendment claims.

15. Grounds thirteen and fourteen-- Ineffective Assistance of Appellate Counsel.

In these claims Conrad argues that his Direct Appeal Counsel was constitutionally infirm, when counsel 1) **Fail to raise on appeal that the bullet taken from his body pursuant to a District Attorney subpoena was inadmissible, and 2) that his trial counsel had a conflict of interest based on his admitted relationship with the victim's family.**

**Respondents asserts that this claim is procedurally barred because, Conrad allegedly, did not raise the claim in his Rule 32 Petition at the trial level. ( Respondent's answer pg. 22-23)**

This assertion by respondent is contradicted by the record before this court, the record clearly shows that Conrad raised this claim in his Rule 32 Petition. (Exhibit I, C.R. 8, 118) and presented it at the state hearing. (Id. R.8). Further the claim was ruled on by the trial court. (Id. C.R. 205)

Therefore, contrary to respondents assertion, this claim is not barred and the state courts holding to the

contrary is unreasonable in light of the record evidence.

Because the state court fail to adjudicate the merits of Conrad's claims this Court is not restrained by 28 U.S.C. §2254 (d) and (e) from granting habeas relief and/or an evidentiary hearing.

16. Ground Fifteen-Separation of Powers

Conrad avers that his indictment for capital murder is void because the statute upon which his indictments preceded was drafted by individuals representing all three branches of government, in violation of the separation of powers doctrine. United States v. Klein, 80 U.S. (13 wall.) 128 (1871)

Respondents asserts that Conrad has fail to show that adjudication of the merits of this claim was contrary to or involved an unreasonable application of Supreme Court precedent.

The state courts in adjudicating this claim concedes that Alabama's death penalty statute was drafted by the Alabama Law Institute, but held since the statute was enacted by the Alabama legislature, it does not constitute a violation of the Separation of Powers doctrine. See Respondents Response to Federal Habeas petition pg. 24-25)

The United States Supreme Court in the landmark case of Marbury v. Madison, 1 Cranch 137, 5 U.S. 137 (1803), first established a Constitutional design based on the principles of Separation of Powers.

The framers established three co-equal but separate branches of government, each with the ability to exercise checks and balances on the two others, and to preserve this dynamic, the Constitution mandates that each of the three general departments of government must remain entirely free from the control or coercive influence, direct or indirect, of either or the others. Mistretta v. United States, 488 U.S. 361 (1989); Loving v. United States, 517 U.S. 748 (1996)

In this case, because individuals from the Judicial and Executive branch of the government are members of the Alabama Law Institute, (See § 29-8-1 Ala.Code 1975), and participated in writing the statute, they in effect performed a legislative function, which is prohibited by both the Alabama and United States Constitution.

Therefore, the adjudication of the merits of this claim by the state court contravenes § 2254 (d) and this court is not restrained from granting habeas relief and/or an evidentiary hearing on this claim.

Ground Sixteen- Forensic Evidence inadmissible.

Petitioner avers that he was denied due process and a fundamental fair trial, when he was tried and convicted on the basis of evidence derived from the Alabama Department of Forensic Sciences, which is inadmissible, because the department was not accredited at the time the evidence was tested.

During the state court proceedings Conrad presented evidence that he recently discovered that the Alabama Department of Forensic Science was not accredited by the American Society of Crime Laboratories Directors, and based on the lack of accreditation, Alabama Forensic laboratories, including the ones that tested Conrad's evidence was deficient and inadmissible under Daubert v. Merrill Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993). (See Exhibit I, pgs. 115-122)

Respondent in its Answer asserts that this claim is procedurally barred from this court review, however, the bar relied upon by the Respondent is somewhat confusing, first the Respondents asserts that petitioner failed to satisfy the requirements of Rule 32.1 (e) A.R.Crim.P., this amounts to a ruling on the merits, second, the Respondents asserts that the claim was not specific and petitioner failed to meet his burden of proof as required by Rules 32.3 and 32.6 (b) A.R.Crim.P. this assertion abhors the record evidence, as this claim is about as specific as a claim could get. (Exhibit I, pgs. 115-122) and whether petitioner met his burden of proof is a decision on the merits.

Therefore, contrary to Respondents procedural bar assertion, this claim is ripe for federal habeas review, and because the state courts failed to adjudicate the merits, this court is not restrained by 28 U.S.C. § 2254 (d) to grant habeas relief and/or an evidentiary hearing on the merits.

CONCLUSION

**WHEREFORE,** premises considered, petitioner prays that this court grant habeas relief, and/or conduct an evidentiary hearing on the claims raised by petitioner.

Respectfully Submitted,

*/s/ Robert T. Conrad*
Robert Thomas Conrad
Ais #226791 Eriza
Holman Unit 3700
Atmore, Al.
   36503-3700

## CERTIFICATE OF SERVICE

I hereby certify that I have this 14 day of May 2008, served a copy of the foregoing on the Respondent, by placing a copy of the same in the prison internal mailing system for mailing, postage prepaid and properly addressed as follows:

Beth Slate Poe
Assistant Attorney General
11 South Union St.
Montgomery, Al.
       36130-0152

                                        /s/ Robert T. Conrad
                                        Robert Thomas Conrad

Robert Conrad #226791
3700 Holman Unit Extra
Atmore, AL. 36503

Office of the Clerk
United States District Court
Middle District of Alabama
P.O. Box 711
Montgomery, Al.
36101

Legal Mail

This correspondence is forwarded from an Alabama State Prison. The contents have not been evaluated and the Alabama Department of Corrections is not responsible for the substance or content of the enclosed communication.