IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

ROBERT THOMAS CONRAD,           )
# 226791,                        )
                                 )
            Petitioner,          )
                                 )
v                                )       Civil Action No. 1:08cv32-WKW
                                 )                (WO)
GRANT CULLIVER, *et al.*,        )
                                 )
            Respondents.         )

## RECOMMENDATION OF THE MAGISTRATE JUDGE

## I.   INTRODUCTION AND PROCEDURAL HISTORY

This matter is before the court on a petition for a writ of habeas corpus pursuant to 28

U.S.C. § 2254 filed by Robert Thomas Conrad ("Conrad"), an Alabama inmate. Conrad

challenges convictions for capital murder and first-degree robbery entered against him on

September 27, 2002, following a jury trial in the Circuit Court of Coffee County.[1]  On that

same date, the trial court sentenced Conrad to life in prison without the possibility of parole

for the capital murder conviction and to life in prison for the robbery conviction.

Conrad filed a direct appeal, presenting claims that: (1) the trial court improperly

considered matters outside the record during the trial proceedings; (2) the state did not

present an adequate chain of custody regarding a blood sample that was taken from him; and

---

[1]Conrad was convicted of the capital murder of Jelaine Dennis during the commission of a
robbery, in violation of § 13-5-40(a)(2), Ala. Code 1975, and first-degree robbery committed against
Robert Grimes, in violation of § 13A-8-41(a)(1), Ala. Code 1975.

(3) the trial court erroneously denied his motion to dismiss the case and his motion to prevent his codefendant from testifying after the state violated *Brady v. Maryland*, 373 U.S. 83 (1963), by withholding exculpatory and impeachment evidence until the middle of trial. (*State Exh. B, p. 5.*)[2]

On October 24, 2003, by unpublished memorandum opinion, the Alabama Court of Criminal Appeals affirmed Conrad's convictions and sentence. (*State Exh. D.*) The appellate court overruled Conrad's application for rehearing (*State Exh. E*) on November 14, 2003 (*State Exh. F*). Conrad petitioned the Alabama Supreme Court for certiorari review (*State Exh. G*), and on January 16, 2004, that court denied the petition and issued a certificate of judgment (*State Exh. H*).

On January 7, 2005, Conrad filed a state post-conviction petition pursuant to Ala.R.Crim.P. 32, asserting the following claims:

    1.    Trial counsel was ineffective for the following reasons:

        a.    Counsel failed to object to the oath's not being administered to the venire prior to voir dire examination, in violation of Ala.R.Crim.P. 12.1(c).

        b.    Counsel failed to object on the ground that his sentence for first-degree robbery was illegal because the indictment set forth only the material elements of third-degree robbery.

---

[2]In this and other sections of the court's Recommendation, all references to exhibits, unless otherwise noted, are to State's Exhibits (*"State Exh."*) included with the State's Answer, Doc. No. 14.

  c. Counsel failed to move to dismiss the indictment on the ground that the grand jury foreperson did not endorse upon the indictment whether a prosecutor appeared before the grand jury, as required by § 12-16-205, Ala. Code 1975.

  d. Counsel failed to object to the trial judge's swearing in the petit jury, instead of the circuit clerk as required by § 12-16-170, Ala. Code 1975.

  e. Counsel failed to move to dismiss the indictment on the ground that it failed to allege the aggravating circumstances for the crime of capital murder.

  f. Counsel failed to move to dismiss the first-degree robbery charge alleged in Count Two of the indictment on double jeopardy grounds, as that offense was encompassed within the capital murder charge alleging murder plus first-degree robbery.

  g. Counsel failed to challenge the indictment based on the fact that it was obtained pursuant to the Alabama Constitution of 1901, which "was enacted to establish white supremacy in the State of Alabama and to disenfranchise African Americans."

  h. Counsel failed to object to an erroneous jury instruction regarding the corroboration of testimony by a codefendant.

2. The indictment was void because it was based upon a capital murder statute that violated the separation of powers doctrine, as the statute was drafted by a commission composed of persons from all three branches of government.

(*State Exh. I, pp. 4-35.*)

On April 9, 2005, Conrad amended his Rule 32 petition to assert the following

additional claims:

1.    Trial counsel was ineffective for the following reasons:

    a.    Counsel failed to move for a continuance or mistrial when it was discovered during trial that the state had withheld a report regarding an internal investigation by the Enterprise Police Department indicating that the district attorney's office knew about a planned robbery before the incident for which he was convicted.

    b.    Counsel failed to object and seek recusal of the trial judge on grounds of bias based on comments made by the judge before and during trial.

    c.    Counsel failed to object when the bullet removed from Conrad's body pursuant to a district attorney's subpoena was offered into evidence at trial.

    d.    Counsel failed to advise him that he could testify at trial in his own behalf.

2.    Trial counsel had a conflict of interest and, thus, was ineffective, because he was forced to testify at a hearing held during the trial.

3.    Trial counsel had a conflict of interest and, thus, was ineffective, because he went to church with one of the victims and the victim's children were in a Sunday School class taught by counsel.

4.    Newly discovered evidence that the Alabama Department of Forensic Sciences was not accredited required a new trial.

(*State Exh. I, pp. 115-22.*)

On August 15, 2005, Conrad filed a second amended Rule 32 petition, in which he essentially reasserted his previous claim that Alabama's capital murder statute violates the

4

separation of powers doctrine.  (*State Exh. I, pp. 150-54.*)

An evidentiary hearing was held on all of Conrad's Rule 32 claims on December 2, 2005.  On March 17, 2006, the trial court entered a written order denying Conrad's Rule 32 petition by ruling that the various claims set forth therein were all without merit.  (*State Exh. I, pp. 182-92.*)  Conrad appealed, raising the following issues:

1.   Whether the trial court abused its discretion when it denied his Rule 32 petition by finding that he failed to meet his burden of showing that his trial counsel was ineffective?

2.   Whether he was denied the effective assistance of appellate counsel?

3.   Whether the trial court had jurisdiction to render judgment or to impose sentence when he was indicted under a capital murder statute that violated the separation of powers doctrine?

4.   Whether there was newly discovered evidence requiring a new trial, based on the fact that the Alabama Department of Forensic Sciences was not accredited?

(*State Exh. J, p. 2.*)

On August 24, 2007, by unpublished memorandum opinion, the Alabama Court of Criminal Appeals affirmed the trial court's denial of Conrad's Rule 32 petition.  (*State Exh. L.*)  Conrad filed an application for rehearing, which was overruled on September 28, 2007.  (*State Exhs. M and N.*)  On November 14, 2007, the Alabama Supreme Court denied Conrad's petition for writ of certiorari and issued a certificate of judgment.  (*State Exhs. O and P.*)

Conrad filed this 28 U.S.C. § 2254 petition (*Doc. No. 1*) on January 10, 2008.[3]  In his

petition, Conrad asserts the following claims:

1.  He was denied due process and a fundamentally fair trial when he was tried, convicted, and sentenced by a biased trial judge who made pretrial remarks that "all defendants who come before him in court would receive active prison time if they are found guilty or plead guilty to a violent crime" and who demonstrated partiality throughout the proceedings.

2.  He was denied a fair trial when the prosecution failed to disclose exculpatory and impeachment evidence that an internal affairs investigation had been conducted by the police department regarding misconduct by one of its investigators into this crime.

3.  Trial counsel was ineffective for failing to object to the oath's not being administered to the venire prior to voir dire examination.

4.  Trial counsel was ineffective for failing to move to dismiss the indictment on the ground that it failed to set forth all the material elements of the crime of capital murder.

5.  Trial counsel was ineffective for failing to challenge the indictment based on the fact that it was obtained pursuant to the Alabama Constitution of 1901, which "was enacted to establish white supremacy in the State of Alabama and to disenfranchise African Americans."

6.  Trial counsel was ineffective for failing to object to the erroneous jury instruction, contrary to § 12-21-222, Ala. Code 1975, regarding the corroboration of testimony by a codefendant.

---

[3]Although the petition was date-stamped "received" in this court on January 15, 2008, it was signed by Conrad on January 10, 2008.  A *pro se* inmate's petition is deemed filed the date it is delivered to prison officials for mailing.  *Houston v. Lack,* 487 U.S. 266, 271-72 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993).  "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the instant petition] was delivered to prison authorities the day [Conrad] signed it...."  *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

7.      Trial counsel was ineffective for failing to move for a continuance or mistrial based on the prosecution's withholding of exculpatory and impeachment evidence.

8.      Trial counsel was ineffective for failing to seek recusal of the trial judge based on bias and lack of impartiality.

9.      He was denied effective assistance of counsel because of his trial counsel's conflict of interest stemming from his membership in the victim's church and his teaching of a Sunday School class of which the victim's children were members.

10.     Trial counsel was ineffective for failing to advise him that he could testify at trial in his own behalf.

11.     He was denied effective assistance of counsel when his trial counsel was forced to testify at a hearing held during the trial and to reveal the identity of the source who gave counsel information regarding the prosecution's withholding of exculpatory and impeachment evidence.

12.     Trial counsel was ineffective for failing to move to dismiss the indictment on the ground that Alabama's capital murder statute violates the separation of powers doctrine because it was drafted by a commission composed of persons from all three branches of government.

13.     Appellate counsel was ineffective for failing to raise on direct appeal the issue that the bullet removed from Conrad's body while he was in the hospital was the product of an illegal search and seizure because it was obtained pursuant to a subpoena issued by the district attorney.

14.     Appellate counsel was ineffective for failing to raise on direct appeal the issue that trial counsel operated under a conflict of interest, based on the fact that one of his trial attorneys moved to withdraw from the case, citing as grounds his close relationship with the victim's family.

15.      He was denied his right to due process and a fair trial when he was indicted under a statute (Alabama's capital murder statute)

that violates the separation of powers doctrine of the United States and Alabama Constitutions; for the same reason, the indictment was void.

16.     He was denied a fair trial when he was convicted on evidence that was false, misleading, and inadmissible, specifically, evidence coming from the Alabama Department of Forensic Sciences, whose laboratories were deficient at the time relevant to his trial.

(*Doc. No. 1 - Attachment [Doc. No. 1-2], pp. 1-10.*)

The respondents filed an answer (*Doc. No. 14*) in which they contend that Conrad's application for habeas relief is due to be denied. Specifically, the respondents argue that Conrad's claim that he was unfairly tried and sentenced by a biased trial judge is procedurally defaulted because the last state court entering judgment found that the claim was barred from appellate review, as Conrad neither raised the claim at trial nor requested that the trial judge recuse himself. *See Atkins v. Singletary*, 965 F.2d 952, 955 (11th Cir. 1992) (citations omitted) ("Federal review of a petitioner's claim is barred by the procedural-default doctrine if the last state court to review the claim states clearly and expressly that its judgment rests on a procedural bar, and that bar provides an adequate and independent state ground for denying relief."). Likewise, the respondents mantain that Conrad's claim that the prosecution failed to disclose exculpatory and impeachment evidence favorable to him is procedurally defaulted because the last state court entering judgment found this claim to be procedurally barred from review, as it was not raised in a timely fashion in the trial court. The respondents also argue that this claim does not entitle Conrad to any relief in this court because it was, alternatively, properly adjudicated on the merits by the state courts. *See Williams v. Taylor*, 529 U.S. 362,

404-05 (2000).  The respondents further contend that Conrad's various claims that his trial counsel rendered ineffective assistance are procedurally defaulted because the last state court entering judgment denied the claims on the basis of Conrad's failure to substantially comply with a state procedural rule in stating the claims in state court.  *See Lee v. Kemma*, 534 U.S. 362, 375-76 (2002).  The respondents also argue that Conrad's two claims of ineffective assistance of appellate counsel are procedurally defaulted because the last state court entering judgment found that the claims were procedurally barred from appellate review.  Next, the respondents maintain that Conrad's claim that he was indicted under a statute (Alabama's capital murder statute) that violates the separation of powers doctrine was properly adjudicated on the merits by the state courts and thus does not entitle Conrad to federal habeas relief.  Finally, the respondents argue that Conrad's claim that he was convicted based on false, misleading, and inadmissible evidence provided by the Alabama Department of Forensic Sciences is procedurally defaulted because the last state court entering judgment denied the claim on the basis of Conrad's failure to substantially comply with a state procedural rule in stating the claim.  (*Doc. No. 14.*)  Conrad was granted an opportunity to reply to the respondents' answer and did so.  (*Doc. No. 18.*)

After due consideration of the § 2254 petition, the answer of the respondents, Conrad's reply to that answer, and the record in this case, the court concludes that an evidentiary hearing is not required, Rule 8(a), *Rules Governing Section 2254 Cases in United States District Courts*, and that the petition should be denied.

## II.   DISCUSSION

A.      **Claims Adjudicated by the State Courts**

1.      *Standard of Review*

To prevail on any of his § 2254 claims there were adjudicated on the merits by the state courts, Conrad must show that a decision by the Alabama state courts was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or was "based on an unreasonable determination of the facts, in light of the evidence presented in the State court proceeding." 28 U.S.C. §2254(d)(1) and (2);[4] *see Williams v. Taylor*, 529 U.S. 362, 404-05 and 412-13 (2000). A state court's decision can be "contrary to" federal law either (1) if it fails to apply the correct controlling authority, or (2) if it applies the controlling authority to a case involving facts "materially indistinguishable" from those in a controlling case, but nonetheless reaches a different result. *Williams*, 529 U.S. at 405-06. A state court's decision can involve an "unreasonable application" of federal law if it either (1) correctly identifies the governing rule but then

---

[4]28 U.S.C. § 2254(d) provides that:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim adjudicated on the merits in State court proceedings unless the adjudication of the claim –

(1)   resulted in a decision contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court; or

(2)   resulted in a decision based on an unreasonable determination of the facts, in light of the evidence presented in the State court proceedings.

applies it to a new set of facts in a way that is objectively unreasonable, or (2) extends or fails to extend a clearly established legal principle to a new context in a way that is objectively unreasonable. *Id*. at 407. "Federal habeas relief is available under the 'unreasonable application' standard only if the state court's application of clearly established federal law was 'objectively unreasonable.'" *Parker v. Head*, 244 F.3d 831 (11th Cir. 2001) (citing *Williams*, 529 U.S. at 409). It is the objective reasonableness, not the correctness *per se*, of the state court decision that this court must decide. *See Williams*, 529 U.S. at 411; *Brown v. Head*, 272 F.3d 1308, 1313 (11th Cir. 2001).

"Under § 2254(d)(1)'s 'unreasonable application' clause, ... a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams*, 529 U.S. at 411. Federal district courts are likewise directed to determine whether the state court based its findings on "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). A state court's determinations of fact shall be "presumed to be correct," and the habeas petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). However, even when the state court addresses a question of law, this court is not authorized "to evaluate [a petitioner's] claim *de novo* rather than through the lens of § 2254(d)." *Price v. Vincent*, 538 U.S. 634, 639 (2003). The Supreme Court admonishes that such evaluation "exceeds the limits imposed on federal habeas review by 28 U.S.C. § 2254(d)." *Id*. at 636.

11

Additionally, a state court's summary rejection of a federal constitutional issue qualifies as

an adjudication on the merits under § 2254(d), so that the summary rejection is entitled to the

same deference as a written opinion. *See Wright v. Sec. of Dept. Of Corr.,* 278 F.3d 1245,

1254 (11th Cir. 2002).

> ### 2. *Conrad's Claim That Alabama's Capital Murder Statute Violates the Separation of Powers Doctrine and That His Indictment under the Statute Was Void*

Conrad contends he was denied his right to due process and a fair trial when he was

indicted under a statute that he says violates the separation of powers doctrine of the United

States and Alabama Constitutions. (*See Doc. No. 1 - Attachment [Doc. No. 1-2], p. 9.*) In this

regard, Conrad argues that Alabama's capital murder statute, § 13A-15-40, Ala. Code 1975,

violates the separation of powers doctrine because it was drafted by the Alabama Law

Institute, a commission composed of "persons from all three branches of government." (*Id.*)

According to Conrad, this fact rendered his indictment void. (*Id.*)

Conrad presented his separation of powers claim in his Rule 32 petition, and the trial

court found that it was without merit and unsupported by law or facts. (*State Exh. I, p. 186.*)

On appeal from that ruling, the Alabama Court of Criminal Appeals held as follows:

> Conrad contends that his indictment was void because, he says, it violated the
> constitutional separation of powers doctrine. Specifically, he argues that the
> Alabama capital murder statute is unconstitutional because it was drafted by the
> Alabama Law Institute, a committee comprised of members of the executive
> and judicial branches of government, rather than by the legislature alone.
>
> Although the Alabama Law Institute may have drafted the state's capital
> murder statute, the statute was enacted by the Alabama Legislature. The fact
> that individuals from all three branches of government may have served on a

12

body that drafted this legislation does not constitute a violation of the separation of powers doctrine. Likewise, such action does not render Conrad's indictment void. Thus, the circuit court correctly concluded that this claim was without merit.

(*Ex. L, p. 4.*)

Conrad presents no evidence that the powers of one department were exercised by another in the drafting and enactment of Alabama's capital murder statute. The members of the Alabama Law Institute did not assume the role of legislators in the drafting the state's capital murder statute, but rather brought their experience and wisdom to bear in the drafting of the statute, a statute that was subsequently approved and enacted by the Alabama Legislature. The state appellate court's rejection of Conrad's separation of powers claim was objectively reasonable. *Williams*, 529 U.S. at 409-11. Conrad points to no United States Supreme Court decision showing that the state court's ruling on this claim was contrary to, or involved an unreasonable application of, federal law as announced by the Supreme Court. *See* 28 U.S.C. § 2254(d)(1). The state court's decision likewise constituted a reasonable determination of the facts in light of the evidence presented. *See* 28 U.S.C. § 2254(d)(2). Conrad wholly fails to meet his burden of presenting clear and convincing evidence to rebut the presumption of correctness that is given to the state court's factual findings. *See* 28 U.S.C. § 2254(e)(1). For these reasons, Conrad is not entitled to federal habeas relief based on this claim.

### 3. *Conrad's Claims That His Trial Counsel Rendered Ineffective Assistance*

Conrad asserts various claims of ineffective assistance of trial counsel in his § 2254

13

petition.  He presented each of these same claims in his Rule 32 petition.  In its written order

denying Conrad's Rule 32 petition, the trial court found that all of Conrad's claims were

without merit.  (*State Exh. I, pp. 182-92.*)  The Alabama Court of Criminal Appeals applied

*Strickland v. Washington*, 466 U.S. 668 (1984), in determining that the trial court did not err

in denying Conrad's claims of ineffective assistance of trial counsel.  (*State Exh. L, p. 2.*)

Further, in affirming the trial court's judgment, the Alabama Court of Criminal Appeals found

that Conrad's claims in this regard amounted to bare allegations that failed to satisfy the

requirements of Ala.R.Crim.P. 32.3 and 32.6(b).[5]  (*State Exh. L, pp. 2-3.*)  *Strickland v.*

*Washington* sets forth the clearly established federal law on this issue.  The state courts did

not decide Conrad's claims of ineffective assistance of trial counsel "differently than [the

Supreme] Court has [in a case based] on a set a of materially indistinguishable facts," nor did

---

[5]Rule 32.3, Ala.R.Crim.P., states, in pertinent part, that "[t]he petitioner shall have the burden of pleading and proving by a preponderance of the evidence the facts necessary to entitle the petitioner to relief."  Rule 32.6(b) provides:

> The petition must contain a clear and specific statement of the grounds upon which relief is sought, including full disclosure of the factual basis of those grounds.  A bare allegation that a constitutional right has been violated and mere conclusions of law shall not be sufficient to warrant any further proceedings.

Ala.R.Crim.P. 32.6(b).

The respondents argue that all of Conrad's claims of ineffective assistance of  trial counsel are procedurally defaulted because, they say, the Alabama Court of Criminal Appeals clearly and expressly stated that its rejection of these claims rested on Conrad's failure to comply with a state procedural rule, Rules 32.3 and 32.6(b).  However, reviewing the Alabama Court of Criminal Appeals' opinion in the context of the proceedings on Conrad's Rule 32 claims, this court cannot find that the state appellate court clearly affirmed the trial court's denial of relief on Conrad's claims of ineffective assistance of trial counsel on the ground that these claims were procedurally barred.  Accordingly, this court deems these claims to have been adjudicated on the merits by the state courts.

the state court apply a rule that contradicts governing federal law. *Williams*, *supra*, 529 U.S. at 412. Thus, this court will determine whether the state court's rejection of Conrads's claims of ineffective assistance of trial counsel was an unreasonable application of the *Strickland* standard.

Under *Strickland*, a petitioner must satisfy the requirements of a two-pronged test to prevail on his claims of ineffective assistance of counsel. First, the petitioner must establish that his attorney's performance "fell below an objective standard of reasonableness." *Strickland* 466 U.S. at 688. "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Id*. Once this threshold test is met, the petitioner must then show that the deficient performance of his counsel prejudiced his defense. *Id.* at 687. To establish prejudice, the petitioner is required to show that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. The prejudice prong does not focus only on the outcome; rather, to establish prejudice, the petitioner must show that counsel's deficient representation rendered the result of the trial fundamentally unfair or unreliable. *See Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993) ("[A]n analysis focusing solely on mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective."). Unreliability or unfairness does not result if counsel's ineffectiveness does not deprive the defendant of any substantive or procedural right to which the law entitles him. *See Williams v. Taylor*, 529 U.S. at 393 n.17 (2000).

Scrutiny of counsel's performance is "highly deferential," and the court indulges a

"strong presumption" that counsel's performance was reasonable. *Chandler v. United States*, 218 F.3d 1305, 1314 (11th Cir. 2000); *see Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994). Any review of an ineffective assistance of counsel claim is conducted from the perspective of defense counsel based on facts "as they were known to counsel at the time of the representation." *United States v. Teague*, 953 F.2d 1525, 1535 (11th Cir. 1992). The court will "avoid second-guessing counsel's performance: It does not follow that any counsel who takes an approach [the court] would not have chosen is guilty of rendering ineffective assistance." *Id.* (internal quotation marks and brackets omitted). Thus, "[g]iven the strong presumption in favor of competence, the petitioner's burden of persuasion – though the presumption is not insurmountable – is a heavy one." *Id.*

Unless a petitioner satisfies the showings required on both prongs of the *Strickland* inquiry, relief should be denied. *Strickland*, 466 U.S. at 687. Accordingly, once a court decides that one of the requisite showings has not been made, it need not decide whether the other one has been. *Id.* at 697; *Duren v. Hopper*, 161 F.3d 655, 660 (11th Cir. 1998) ("if a defendant cannot satisfy the prejudice prong, the court need not address the performance prong").

a.   Trial Counsel's Failure to Object to Oath Not
     Being Administered to Venire Prior to Voir Dire

Conrad contends that his trial counsel was ineffective for failing to object to the oath's not being administered to the jury venire prior to voir dire examination. (*See Doc. No. 1 - Attachment [Doc. No. 1-2], p. 2.*) Conrad's contention in this regard, however, is contradicted

16

by the trial record.  As the trial court stated in its order denying Conrad's Rule 32 petition:

> Circuit Judge Robert W. Barr presided over the term of court in which the Petitioner was tried.  As Presiding Judge over the term, Judge Barr administered the general qualifying.  When the Petitioner's cases were called, the trial Judge Gary L. McAliley stated "Ladies and Gentleman all of you are still under oath, and I am going to ask you some questions.  And then I will certainly allow the attorneys to do likewise."  Furthermore, the sentencing orders indicate that the jury was properly qualified, duly sworn, and properly struck.[6]

(*State Exh. I, p. 183.*)

Conrad has not refuted this finding by any credible evidence.  His conclusory allegation that his trial counsel rendered ineffective assistance in this regard is insufficient to satisfy the *Strickland* standard.  The state court's rejection of this claim was objectively reasonable.  *Williams*, 529 U.S. at 405-06.  Moreover, its decision constituted a reasonable determination of the facts in light of the evidence presented.  *See* 28 U.S.C. § 2254(d)(2).  Therefore, Conrad is not entitled to federal habeas relief based on this claim.

> **b.**  **Trial Counsel's Failure to Seek Dismissal of Indictment for Failure to Set Forth All Material Elements of the Crime of Capital Murder**

Conrad contends that his trial counsel was ineffective for failing to move to dismiss the indictment on the ground that it did not set forth all the material elements of the crime of capital murder.  (*See Doc. No. 1 - Attachment [Doc. No. 1-2], p. 2.*)

In his Rule 32 petition, and at the evidentiary hearing on that petition, Conrad failed to specify the manner in which the indictment did not allege the material elements of the

---

[6]For portions of the record referred to by the trial court in its order, see *State Exh. I, pp. 95-96 and 99.*

offense of capital murder under Alabama law.  He does no better in his habeas petition, again asserting that the indictment failed to set forth "the material elements of the complete capital murder statute" without specifying the alleged deficiencies.  (*Doc. No. 1 - Attachment [Doc. No. 1-2], p. 2.*)

Alabama's capital murder statute provides, in pertinent part, that "[m]urder by the defendant during a robbery in the first degree or an attempt thereof committed by the defendant" is a capital offense.  *See* 13A-5-40(a)(2), Ala. Code 1975.  The indictment charging Conrad with capital murder stated, in pertinent part:

> ROBERT THOMAS CONRAD ... did intentionally cause the death of another person, to-wit, Jelaine Bowman Dennis, by shooting her with a pistol, and the said ROBERT THOMAS CONRAD caused the death during the time that he was in the course of committing a theft of property, to wit: United States currency and/or United States coinage and/or check, the property of, to-wit, Jelaine Bowman Dennis, by the use of force or by threatening the imminent use of force against the person of the said Jelaine Bowman Dennis, or another present, with the intent to overcome her physical resistance or physical power of resistance or to compel acquiescence to the taking of or escaping with the property while the said ROBERT THOMAS CONRAD was armed with a deadly weapon or dangerous instrument, to-wit, a pistol, in violation of 13A-5-40 of the Code of Alabama, against the Peace and Dignity of the State of Alabama[.]

The indictment clearly sets forth the elements of the offense of murder committed during a first-degree  robbery under Alabama law, which are the material elements of capital murder under § 13A-5-40(a)(2), Ala. Code 1975.  *See* § 13A-6-2(a)(1), Ala. Code 1975 (defining the offense of murder), and §§ 13A-8-41(a) and 13A-8-43, Ala. Code 1975 (together, setting forth the elements of robbery in the first degree).  Further, the indictment put Conrad on notice that the aggravating circumstance making the murder capital, against

18

which he would have to defend, was that the murder was committed during the course of a first-degree robbery.  Thus, Conrad's claim that the indictment did not set forth all the material elements of the crime of capital murder under Alabama law is frivolous.  Counsel cannot be ineffective for failing to raise meritless claims.  *Chandler v. Moore*, 240 F.3d 907, 917 (11th Cir. 2001).  As such, Conrad's trial counsel was not ineffective for failing to seek dismissal of the indictment on the ground now urged by Conrad.  The state court's rejection of this claim of ineffective assistance of counsel was objectively reasonable, *see Williams*, 529 U.S. at 405-06, and its decision constituted a reasonable determination of the facts in light of the evidence presented, *see* 28 U.S.C. § 2254(d)(2).  Therefore, Conrad is not entitled to federal habeas relief based on this claim.

> c.  Trial Counsel's Failure to Challenge Indictment Based on Fact it Was Obtained Pursuant to Alabama Constitution of 1901

Conrad claims that his trial counsel was ineffective for failing to challenge the indictment in his case based on the fact that it was obtained pursuant to the Alabama Constitution of 1901, which Conrad says was enacted to establish white supremacy in the State of Alabama and to disenfranchise African Americans.  (*See Doc. No. 1 - Attachment [Doc. No. 1-2], pp. 2-3.*)  Conrad maintains that the Alabama Constitution violates the United States Constitution and that his indictment pursuant to the Alabama Constitution was therefore void.  (*Id., p. 2*)

This court has reviewed the record and concludes that Conrad fails to demonstrate the unconstitutionality of the Alabama Constitution itself or the infirmity of any criminal statute

enacted pursuant to authority granted by the Alabama Constitution.  Nor does Conrad

demonstrate that the Alabama Constitution was unconstitutionally applied in his particular

case or that its application to him in any way undermined the validity of his conviction.

Conrad's vague, unsupported, and conclusory assertion of trial counsel's alleged

ineffectiveness in this regard is insufficient for habeas relief.[7]  *See Strickland*, 466 U.S. at

687-94.  The state court's rejection of this claim was objectively reasonable, and it was not

based on an unreasonable determination of the facts in light of the evidence presented in the

state court proceedings.

>    d.    Trial Counsel's Failure to Object to Jury
>          Instruction Regarding Corroboration of
>          Codefendant Testimony

Conrad next contends that his trial counsel was ineffective for failing to object to what

he says was the trial court's erroneous jury instruction regarding the manner in which jurors

should consider the testimony of a codefendant.  (*See Doc. No. 1 - Attachment [Doc. No. 1-2],*

*p. 3.*)

One of Conrad's codefendants, Bryan Yeoman, was a state witness at trial and testified

against Conrad.[8]  During its closing oral charge, in the course of instructing jurors about

testimony presented by an accomplice, a codefendant, or a cooperating informant, the trial

---

[7]Conrad presented no evidence regarding this claim at the evidentiary hearing on his Rule 32 petition.  When the trial court asked him about the claim, Conrad stated, "I have no comment on that one."  (*See State Exh. I-part 3, Hearing Transcript, p. 51.*)

[8]Yeoman entered a plea agreement with the state whereby he pled guilty to first-degree robbery and received a 20-year sentence in exchange for the capital murder charge against him being nolle prossed and his testifying at Conrad's trial.

court stated:

> You should keep in mind that such testimony is always to be received with
> caution, and weighed with great care.  You should never convict any defendant,
> any defendant, upon the unsupported testimony of such a witness, unless you
> believe their testimony could be fact and truthful beyond a reasonable doubt.

(*State Exh A, p. 1448.*)

Conrad maintains that the trial court's instruction was contrary to § 12-21-22, Ala.

Code 1975, because it allowed the jury to infer that a conviction could be obtained based on

the uncorroborated testimony of a codefendant, specifically, Yeoman's.

Section 12-21-222, Ala. Code 1975, provides:

> A conviction of felony cannot be had on the testimony of an accomplice
> unless corroborated by other evidence tending to connect the defendant with the
> commission of the offense, and such corroborative evidence, if it merely shows
> the commission of the offense or the circumstances thereof, is not sufficient.

In its order denying Conrad's Rule 32 petition, the trial court addressed Conrad's claim

in this regard as follows:

> The court finds that the court's instruction to the jury was not an erroneous
> instruction.  The instruction was in compliance with Section 12-21-222, Code
> of Alabama 1975.  The record further reveals that the testimony of the
> accomplice was corroborated by other evidence.  The  Petitioner was not
> prejudiced by the jury instructions.  Trial counsel was not ineffective for
> failing to object to the jury instructions.

(*State Exh. I, p. 187.*)

Alabama courts apply a harmless error analysis in cases where there are errors in the

giving of, or failure to give, jury instructions on the principle of accomplice corroboration

prescribed in § 12-21-222, Ala. Code 1975.  *See, e.g., Burton v. State*, 651 So.2d 641, 653-54

21

(Ala.Crim.App. 1993); *Gurley v. State*, 639 So.2d 557, 558 (Ala.Crim.App. 1993). Such errors are deemed harmless when the testimony of an accomplice has in fact been corroborated. *Gurley*, 630 So.2d at 558 (citing *Frazier v. State*, 562 So.2d 543, 558 (Ala.Crim.App.) *rev'd on other grounds*, 562 So.2d 560 (Ala. 1989)). Here, there was absolutely no doubt that Yeoman's testimony was corroborated by other evidence at trial, including, but not limited to, evidence indicating that a bullet from a gun fired by the victim during the robbery was removed from Conrad's body at a hospital emergency room shortly after the crime. As such, the trial court's jury instruction did not contribute to Conrad's conviction, and trial counsel's failure to object to the instruction was not prejudicial to Conrad. The state court's rejection of this claim of ineffective assistance of counsel was objectively reasonable, and it was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Consequently, Conrad is not entitled to federal habeas relief based on this claim

> e.    Trial Counsel's Failure to Move for Continuance
> or Mistrial Based on Prosecution's Withholding of
> Exculpatory and Impeachment Evidence

Conrad maintains that his trial counsel rendered ineffective assistance by failing to move for a continuance or mistrial based on the prosecution's withholding of exculpatory and impeachment evidence. (*See Doc. No. 1 - Attachment [Doc. No. 1-2], pp. 3-4.*)

In its order denying Conrad's Rule 32 petition, the trial court addressed this claim, in pertinent part, as follows:

> During the trial, defense counsel discovered that the prosecution had

22

withheld a report regarding an internal investigation by the Police Department, which involved a witness with information favorable to the Petitioner. The trial Judge held a hearing out of the presence of the jury. The trial Judge ordered the District Attorney to fly the witness from Arizona to Alabama for the trial. Trial counsel met the witness. The court appears to have made reasonable efforts to allow the defense an opportunity to talk to the witness. The witness testified at trial.

> The court finds that the Petitioner was not prejudiced. The witness was disclosed and the witness was allowed to testify. The court finds that the Petitioner was not deprived of the right to counsel based upon the trial strategy of counsel.

(*State Exh. I, p. 188.*)

The Alabama Court of Criminal Appeals' opinion in Conrad's direct appeal sets forth

the following facts relating to this matter:

> During the course of the trial, one of the appellant's attorneys informed the trial court that a friend told him he had received an anonymous telephone call and that the caller had told his friend to tell him he needed to obtain a copy of a report about the Enterprise Police Department's internal investigation regarding the investigation of [the murder victim] Dennis' death. Evidence was presented that, after Dennis' death, George Roberson had telephoned the Enterprise Police Department. Roberson told law enforcement authorities that, before the robbery of the Toy Store [the scene of the murder] occurred, he had told an Enterprise Police Department detective that [Bryan] Yeoman had told him that he and some friends were planning to rob the Toy Store.

> Subsequently, the Enterprise Police Department asked the Alabama Bureau of Investigation ("ABI") to conduct an investigation regarding this matter, and the District Attorney's Office asked the Attorney General's Office to handle the matter. Subsequently, the case was presented to a grand jury, which returned a no-bill in the matter. Bruce Devane, an investigator with the District Attorney's Office, testified that the file regarding the internal investigation was kept in a locked cabinet in the District Attorney's office under sensitive matters and that it was not a part of the file regarding Dennis' death. The assistant district attorneys who prosecuted the case stated that they had only learned about the investigation shortly before the trial began; that they had had a meeting with the District Attorney and Devane about whether to disclose the file regarding the investigation to the defense; and that the District

23

Attorney had decided that the file did not contain any exculpatory evidence. Therefore, the file was not disclosed to the defense.

The trial court ordered the State to produce the file regarding the internal investigation for an *in camera* inspection. After reviewing the documents with the prosecutors and the defense attorneys, the trial court decided that the file contained exculpatory evidence and evidence that could be used for impeachment; decided that there was not any prosecutorial misconduct; ordered the State to produce documents regarding the investigation to the defense; and issued a bench warrant for Roberson, who was in Colorado. The defense made a motion to dismiss the case based on prosecutorial misconduct and moved to prevent Yeoman from testifying in this case. The trial court denied the motions. Subsequently, Roberson appeared for trial, and the appellant called him as a witness.

(*State Exh. D, pp. 6-7.*)

The Alabama Court of Criminal Appeals found that Conrad failed to show that he was prejudiced by the states's late disclosure of the report about the internal investigation. (*Id., p. 8.*) At the evidentiary hearing on his Rule 32 petition, when asked how he was prejudiced by the late disclosure of the report, Conrad stated only that it "misled the jury, which led them to come back with a different verdict." (*See State Exh. I-part 3, Hearing Transcript, p. 29.*) When asked how the jury was misled, Conrad could not provide an answer. In his habeas petition, Conrad again fails to establish any prejudice resulting from the late disclosure of the report or from his trial counsel's actions in this regard. As a result, Conrad's allegation that his trial counsel rendered ineffective assistance in this regard is insufficient to satisfy the *Strickland* standard. The state court's rejection of this claim was objectively reasonable, and its decision constituted a reasonable determination of the facts in light of the evidence presented. Therefore, Conrad is not entitled to federal habeas relief based on this claim.

f.   Trial Counsel's Failure to Seek Recusal of Trial
     Judge for Bias

Conrad argues that his trial counsel was ineffective for failing to seek recusal of the

trial judge based on the judge's bias and lack of impartiality.  (*See Doc. No. 1 - Attachment*

*[Doc. No. 1-2], p. 4.*)

As evidence of the trial judge's supposed bias, Conrad points to the judge's pretrial

remarks that all defendants who came before him in court would receive active prison time

if they were found guilty or pled guilty to a violent crime.  (*Doc. No. 1 - Attachment [Doc. No.*

*1-2], p. 4.*)  However, Conrad does not show how he was prejudiced by the trial court's

remarks in this regard.  Conrad was convicted of capital murder, and by law he was not

eligible for probation upon conviction.

Conrad also maintains that the trial judge evidenced bias by questioning witnesses

during trial and by referring to defense counsel as "Tom, Dick, and Harry."  (*Id.*)  However,

a trial judge may question witnesses, and the mere fact that a judge does so will not amount

to prejudice.  *See, e.g., Ward v. State*, 814 So.2d 899, 917 (Ala. Crim. App. 2000).  Finally,

at the evidentiary hearing on his Rule 32 petition, Conrad maintained that the trial judge's

alleged reference to defense counsel as "Tom, Dick, and Harry" could suggest that there was

some form of friendship between the judge and defense counsel.  (*State Exh. I-part 3, Hearing*

*Transcript, p. 57.*)  However, Conrad could not explain how he would be prejudiced if the

trial court showed favoritism to defense counsel.  (*Id., p. 58.*)

In its order denying Conrad's Rule 32 petition, the trial court found that Conrad failed

to provide sufficient evidence to support his allegation of bias and had likewise failed to show any prejudice. (*State Exh. I, p. 189.*)   The record does not support Conrad's assertions that the trial judge was biased and lacked impartiality.   As a result, trial counsel was not ineffective for failing to seek recusal of the trial judge on this basis.   Because the state court's rejection of this claim was objectively reasonable and its decision constituted a reasonable determination of the facts in light of the evidence presented, Conrad is not entitled to federal habeas relief based on this claim.

g.   <u>Trial Counsel's Conflict of Interest</u>

Conrad contends that one of his trial attorneys rendered ineffective assistance as a result of a conflict of interest that counsel was operating under, specifically, counsel's membership in the victim's church and teaching of a Sunday School class of which the victim's children were members. (*See Doc. No. 1 - Attachment [Doc. No. 1-2], pp. 4-5.*)

The pertinent portions of the record reflect that, sometime before trial, attorney Gary D. Bradshaw, who served as appointed co-counsel for Conrad, filed a motion to withdraw as counsel based on the fact that the children of the murder victim were listed as members of a church Sunday School class Bradshaw taught.  The murder victim was also listed a member of the same church.  Bradshaw represented to the trial court that he filed the motion to withdraw in order to make the court aware of the fact that the victim and her children were listed on the church and Sunday School roll where he was an active member.  Bradshaw also represented to the court that none of the victim's children had in fact ever attended the Sunday School class and that he would not recognize the victim's children if they appeared in court

26

because none of them actually attended church.  After Bradshaw was questioned by the trial court concerning any conflict, the court denied his motion to withdraw, and Bradshaw continued as Conrad's co-counsel.  (*See State Exh. I, pp. 134-35.*)

In its order denying Conrad's Rule 32 petition, the trial court found that Conrad was aware at the time of trial that the victim's children were on the roll of the Sunday School class Bradshaw taught and that, in any event, Conrad had failed to show that Bradshaw had a conflict of interest that amounted to ineffective assistance of counsel.  (*State Exh. I, p. 189.*)  Conrad fails to point to any evidence to support his claim that Bradshaw rendered ineffective assistance of counsel as a result of a conflict of interest.  The state court's rejection of this claim was objectively reasonable, and its decision constituted a reasonable determination of the facts in light of the evidence presented.  Therefore, Conrad is not entitled to federal habeas relief based on this claim.

      h.      <u>Trial Counsel's Failure to Advise of Right to Testify</u>

Conrad contends that his trial counsel rendered ineffective assistance by failing to advise him that he could testify at trial in his own behalf.  (*See Doc. No. 1 - Attachment [Doc. No. 1-2], p. 6.*)

At the evidentiary hearing on his Rule 32 petition, Conrad maintained that he told his attorneys that he wanted to testify at trial, but that they would not allow him to.  (*State Exh. I-part 3, Hearing Transcript, pp. 62-63.*)  The state presented testimony at the hearing from Al Smith, who together with Gary D. Bradshaw represented Conrad at trial.  Smith contested

Conrad's version of events and testified that both he and Bradshaw discussed with Conrad at length his right to testify and that, based on their advice that his testimony would not benefit his defense, Conrad chose of his own accord not to testify. (*Id., pp. 81-83.*)  Based on the evidence presented, the trial court found that Conrad made the decision not to testify. (*State Exh. I, p. 190.*)  Accordingly, the trial court denied Conrad relief based on this claim of ineffective assistance of counsel.

As previously noted, factual determinations by state courts are presumed correct absent clear and convincing evidence to the contrary, 28 U.S.C. § 2254(e)(1), and a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state court proceeding, § 2254(d)(2).  The state court's decision constituted a reasonable determination of the facts in light of the evidence presented in the state court proceedings, and its rejection of this claim of ineffective assistance of counsel was objectively reasonable.  Consequently, Conrad is not entitled to federal habeas relief based on this allegation that his trial counsel rendered ineffective assistance.

      i.     <u>Trial Counsel's Testimony at Hearing Held During</u>
                 <u>Trial</u>

Conrad asserts that he was deprived of the effective assistance of counsel when one of his attorneys at trial, Al Smith, was forced to testify at an *in camera* hearing and to reveal the identity of the person who gave Smith information regarding the prosecution's withholding of exculpatory and impeachment evidence. (*See Doc. No. 1 - Attachment [Doc. No. 1-2], pp.*

28

*6-7.*)  With respect to this same claim in Conrad's Rule 32 petition, the trial court found:

> Based on the evidence presented, the court finds that Attorney Al Smith was required by the trial Judge to testify regarding the witness that was not disclosed by the District Attorney.  Attorney Smith testified outside the presence of the jury and was not required to disclose any confidential information.
>
> The court finds that the Petitioner's allegations are without merit and are not supported by the facts.  The relief sought is denied.

(*State Exh. I, pp. 190-91.*)

The record reflects that the trial court directed Smith to testify at the hearing in connection with the court's effort to determine whether the state had improperly withheld evidence from the defense.  Smith's testimony had nothing to do with any information obtained from Conrad.  Conrad wholly fails to demonstrate how he was prejudiced in this regard.  His conclusory allegations are insufficient to satisfy the *Strickland* standard.  The state court's rejection of this claim was objectively reasonable, and its decision constituted a reasonable determination of the facts in light of the evidence presented.  Therefore, Conrad is not entitled to any relief based on this claim.

> j.   Trial Counsel's Failure to Seek Dismissal of Indictment on Ground That Capital Murder Statute Violates Separation of Powers Doctrine

Conrad alleges that his trial counsel was ineffective for failing to move to dismiss the indictment on the ground that Alabama's capital murder statute violates the separation of powers doctrine.  (*See Doc. No. 1 - Attachment [Doc. No. 1-2], p. 7.*)   As this court has already determined that Conrad fails to demonstrate the substantive merit of his claim that the

29

capital murder statute falls afoul of the separation of powers doctrine (*see* Part II.A.2 of Recommendation, above), Conrad likewise cannot demonstrate that his trial counsel was ineffective for failing to seek dismissal of the indictment on this ground.  Counsel was not ineffective for failing to raise a meritless claim.  *See Chandler v. Moore*, 240 F.3d 907, 917 (11th Cir. 2001).  The state court correctly rejected this allegation of ineffective assistance of counsel, and Conrad is not entitled to habeas relief on this ground.

### 4.   *Conrad's Claim Regarding Evidence from Alabama Department of Forensic Sciences*

Conrad contends that he was denied a fair trial when he was convicted on evidence that was "false, misleading, and inadmissible," specifically, evidence coming from the Alabama Department of Forensic Sciences, whose laboratories, Conrad says, were deficient at the time relevant to his trial.  (*See Doc. No. 1 - Attachment [Doc. No. 1-2], pp. 9-10.*)

Conrad first presented this issue in his Rule 32 petition as a claim of "newly discovered evidence," where he alleged that the Alabama Department of Forensic Sciences "gained accreditation by the American Society of Crime Laboratories Director" only after his trial and that, consequently, all tests that the department performed on evidence in his case were deficient and all evidence deriving from such tests was inadmissable at trial.  (*See State Exh. I, pp. 120-21.*)  At the evidentiary hearing on his Rule 32 petition, Conrad did not elaborate on his contention that such accreditation was a prerequisite to the admissibility of evidence relating to any tests performed by the department's labs.  In its order denying Conrad's Rule 32 petition, the trial court addressed this claim as follows:

The Petitioner is alleging that the Alabama Department of Forensic Sciences was not accredited at the time of trial.  The court finds that there is no requirement that the Department of Forensic Sciences be accredited by any organization.

This matter could have been raised at trial or on appeal.

Based upon the pleadings and evidence, the court finds that the Petitioner's allegations are without merit and are not supported by facts or law. The relief sought is denied.

(*State Exh. I, p. 191.*)

On appeal from the trial court's denial of Conrad's Rule 32 petition, the Alabama Court of Criminal Appeals addressed this claim as follows:

Conrad claims that newly discovered evidence exists that requires that he be granted a new trial or other relief.  Specifically, Conrad argues expert evidence was erroneously admitted at trial because the Alabama Department of Forensic Sciences was not properly accredited at the time.  Conrad's claim is nothing more than an attack on the admissibility of forensic evidence. Therefore, Conrad's claim does not constitute newly discovered evidence, nor does it satisfy the requirements of Rule 32.1(e).[9]  Because Conrad offers no

---

[9]Ala.R.Crim.P. 32.1(e) defines newly discovered evidence as follows:

(1)  The facts relied upon were not known by petitioner or petitioner's counsel at the time of trial or sentencing or in time to file a post-trial motion pursuant to Rule 24, or in time to be included in any previous collateral proceeding and could not have been discovered by any of those times through the exercise of reasonable diligence;

(2)  The facts are not merely cumulative to other facts that were known;

(3)  The facts do not merely amount to impeachment evidence;

(4)  If the facts had been known at the time of trial or of sentencing, the result probably would have been different; and

(5)  The facts establish that petitioner is innocent of the crime for which

(continued...)

> evidence to support his claim other than his bare allegations, he has thus failed
> to meet his burden of pleading and proof as required by Rules 32.3 and 32.6 (b)
> *Duncan v. State*, 925 So.2d 245, 257 (Ala. Crim. App. 2005).[10]

(*State Exh. L, pp. 3-4.*)

Conrad points to no evidence of any requirement that the Alabama Department of Forensic Sciences be accredited by the "American Society of Crime Laboratories Director." The state court's rejection of his bare allegation in this regard was objectively reasonable. *Williams*, 529 U.S. at 405-06. Moreover, the state court's decision constituted a reasonable determination of the facts in light of the evidence presented. *See* 28 U.S.C. § 2254(d)(2). Therefore, Conrad is not entitled to federal habeas relief based on this claim.

## B.    Procedurally Defaulted Claims

In his habeas petition, Conrad presents claims that his appellate counsel was ineffective (1) for failing to raise on direct appeal the issue that the bullet removed from Conrad's body at the hospital emergency room was the product of an illegal search and seizure because it was obtained pursuant to a subpoena issued by the district attorney and (2) for failing to raise on direct appeal the issue that trial co-counsel Gary D. Bradshaw operated under a conflict of interest, based on the fact that Bradshaw cited his "close relationship with the victim's family"

---

[9](...continued)
    petitioner was convicted or should not have received the sentence that petitioner
    received.

[10]The respondents argue that this claim is procedurally defaulted because the Alabama Court of Criminal Appeals' rejection of the claim rested on Conrad's failure to comply with a state procedural rule. However, after reviewing the Alabama Court of Criminal Appeals' opinion, this court deems Conrad's claim to have been adjudicated on the merits in the state courts.

as grounds for seeking to withdraw from the case.  (*See Doc. No. 1 - Attachment [Doc. No. 1-2], pp. 8-9.*)  Conrad first raised these claims of appellate counsel's ineffectiveness in his appeal from the trial court's denial of his Rule 32 petition.  The Alabama Court of Criminal held that the claims were not properly before it for review because they were not included in Conrad's Rule 32 petition.  (*See State Exh. L, p. 3.*)  The respondents correctly argue that, for purposes of federal habeas review, Conrad's claims of ineffective assistance of appellate counsel are procedurally defaulted because the last state court entering judgment found that the claims were procedurally barred from appellate review.  *See Lee v. Kemma*, 534 U.S. 362, 375-76 (2002); *Atkins v. Singletary*, 965 F.2d 952, 955 (11th Cir. 1992) (citations omitted) ("Federal review of a petitioner's claim is barred by the procedural-default doctrine if the last state court to review the claim states clearly and expressly that its judgment rests on a procedural bar, and that bar provides an adequate and independent state ground for denying relief.").

In his habeas petition, Conrad also raises a substantive claim that he was unfairly tried and sentenced by a biased trial judge.  (*See Doc. No. 1 - Attachment [Doc. No. 1-2], p. 1.*) The respondents correctly argue that this claim is procedurally defaulted because the last state court entering judgment on the claim – the Alabama Court of Criminal Appeals in Conrad's direct appeal – held that the claim was barred from appellate review because Conrad neither raised the allegation of bias at trial or requested that the trial judge recuse himself.[11]   (*See*

---

[11]As indicated earlier in this Recommendation, Conrad did present a claim in his Rule 32 petition
(continued...)

*State Exh. D, pp. 2-3.*)

Conrad also contends that he was denied a fair trial when the prosecution failed to disclose exculpatory and impeachment evidence that an internal affairs investigation had been conducted by the police department regarding misconduct by one of its investigators.  (*See Doc. No. 1 - Attachment [Doc. No. 1-2], p. 1.*)  The respondents argue that Conrad's claim in this regard is procedurally defaulted because the Alabama Court of Criminal Appeals, on direct appeal, held that the claim was barred from appellate review because it was not properly or timely raised in the trial court.  (*See State Exh. D, pp. 7-8.*)  In addition, the respondents argue that this claim does not entitle Conrad to any relief in this court because it was, alternatively, properly adjudicated on the merits by the state courts.  As noted in this court's earlier discussion of Conrad's claim that his trial counsel was ineffective for failing to move for a continuance or a mistrial based on the prosecution's withholding of exculpatory and impeachment evidence (*see* Part II.2.e of Recommendation, above), the state courts made an objectively reasonable determination that Conrad failed to establish any prejudice resulting from the late disclosure of the evidence or from his trial counsel's actions in this regard. Thus, even assuming that Conrad's substantive claim in this regard was adjudicated on the

---

[11](...continued)
– and in the instant habeas petition – that his trial counsel was ineffective for failing to raise the allegation of the trial judge's bias or to request recusal of the trial judge (*see* Part II.2.f of Recommendation, above).  In denying Conrad relief on this claim of ineffective assistance of trial counsel, this court found that state courts made an objectively reasonable determination that Conrad failed to present sufficient evidence to support his assertion that the trial judge was biased and lacked impartiality.  Thus, even if Conrad's substantive claim regarding judicial bias were not procedurally defaulted, it would not provide a basis for federal habeas relief. *See Williams v. Taylor*, 529 U.S. 362, 404-05 (2000).

merits in the state courts and is not procedurally defaulted, it would not entitle Conrad to federal habeas relief.  *See Williams v. Taylor*, 529 U.S. 362, 404-05 (2000).

This court may reach the merits of Conrad's procedurally defaulted claims only if Conrad shows either (1) cause for the procedural default and actual prejudice arising out of the violation of federal law, *see Coleman v. Thompson*, 501 U.S. 722 (1991), or (2) a resulting fundamental miscarriage of justice if the federal court does not consider the merits of the claims, *see Schlup v. Delo*, 513 U.S. 298, 320 (1995).  The court has reviewed the pleadings submitted by Conrad.  In these documents, he has demonstrated neither cause for his failure to present the defaulted claim to the state courts in compliance with applicable procedural rules nor the existence of actual prejudice emanating from infringement of federal law.[12]  Nevertheless, this court may still reach the merits of his defaulted claims in order to prevent a fundamental miscarriage of justice.

The miscarriage of justice standard is directly linked to innocence.  *Schlup*, 513 U.S. at 321.  Innocence is not an independent claim; rather, it is the "gateway" through which a petitioner  must pass before a court may consider constitutional claims which are defaulted. *Id.* at 315. This exception applies where a petitioner establishes that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray*

---

[12]To whatever extent Conrad might assert the ineffective assistance of trial counsel as cause for his procedurally defaulting his substantive claims that the trial judge was biased and that the prosecution's failure to disclose exculpatory and impeachment evidence denied him a fair trial, this court (above) has already reviewed Conrad's independent claims of his trial counsel's ineffectiveness in this regard and has determined that the claims of ineffective assistance of counsel are without merit.

*v. Carrier*, 477 U.S. 478, 496 (1986); *Schlup*, *supra*. "To establish actual innocence, [a habeas petitioner] must demonstrate that ... 'it is more likely than not that no reasonable juror would have convicted him.'" *Bousley  v. United States,* 523 U.S. 614, 623 (1998) (quoting *Schlup v. Delo*, 513 U.S. at 327-28). "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623-24 (citing *Sawyer v. Whitley*, 505 U.S. 333, 339 (1992)).

> The Supreme Court in *Schlup* observed that
>
> a substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare....  To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial.

513 U.S. at 324.

Conrad has failed to make the requisite showing of actual innocence.  He has presented no evidence nor suggested that any exists that could satisfy the standard set forth in *Schlup*.  Consequently, Conrad's procedurally defaulted claims are foreclosed from federal habeas review.

### III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief filed by Conrad be denied and that this case be dismissed with prejudice.  It is further

ORDERED that on or before **March 29, 2010** the parties shall file objections to the said Recommendation.  Any objections filed must specifically identify the findings in the

Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 15th day of March, 2010.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE