IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ROBERT THOMAS CONRAD, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CASE NO. 1:08-CV-32-WKW |
| ) | |
| GRANT CULLIVER, *et al.*, ) | |
| ) | |
| Respondents. ) | |

## **ORDER**

The Magistrate Judge entered a Report and Recommendation ("R&R") (Doc. # 20) recommending that Robert Thomas Conrad's petition for a writ of habeas corpus (Doc. # 1) be denied. As Mr. Conrad has filed an Objection (Doc. # 23) to the R&R, the court reviews those portions objected to *de novo*. 28 U.S.C. § 636(b).

Although Mr. Conrad's original petition asserted numerous bases for relief, he objects to the R&R's treatment of only two of them. His first objection concerns his claim that his trial counsel was ineffective in failing to object to a jury instruction regarding the degree of corroboration required to convict a defendant on the basis of a co-defendant's testimony. (R&R at 20-22; Objection at 1-2.) In Mr. Conrad's view, the jury instruction given allowed the jury to infer that he could be convicted on the basis of co-defendant testimony alone, in contravention of Alabama law. The R&R found that, even assuming an erroneous jury instruction had been given, any such error was harmless beyond a reasonable doubt, because the co-defendant's testimony was corroborated by sufficient other evidence of Mr. Conrad's

guilt. (R&R at 22.) In particular, the R&R noted that a bullet fired from the robbery victim's gun was removed from Mr. Conrad's body and presented to the jury as evidence. (R&R at 22.) Mr. Conrad acknowledges that the doctrine of harmless error applies, but appears to argue that it should not bar his claim here because the bullet was "illegally seized" from his body. (Objection at 2.)

Indeed, the issue of "illegally seized" bullet is the basis for second prong of Mr. Conrad's Objection to the R&R. He contends that his trial counsel was ineffective in not objecting to the admission of the bullet, which was obtained via a subpoena from the District Attorney rather than by warrant, as Mr. Conrad claims was required. (Objection at 3.) The R&R did not address this claim on the merits, finding that it was procedurally defaulted by Mr. Conrad's failure to raise it at trial or on direct appeal. (R&R at 32-33.) The Objection does not explain why this procedural bar does not apply, except to assert that Mr. Conrad is entitled to the exception for actually innocent petitioners. *See Schlup v. Delo*, 513 U.S. 298, 320 (1995). For the reasons given in the R&R, the court finds that Mr. Conrad has made no showing of actual innocence, and his claims regarding the seizure of the bullet remain procedurally defaulted. Accordingly, there was also no error with respect to the jury instruction issue, as the admission of the bullet corroborated the testimony of Mr. Conrad's co-defendant, and rendered any error harmless.

For the foregoing reasons, it is ORDERED that:

(1) The R&R (Doc. # 20) is ADOPTED;

(2)  Mr. Conrad's Petition for Writ of Habeas Corpus (Doc. # 1) is DENIED; and,

(3) This case is DISMISSED with prejudice.

Final judgment will be entered with a separate document.

DONE this 7th day of May, 2010.

                                                  /s/ W.  Keith Watkins
                                   UNITED STATES DISTRICT JUDGE